In the Matter of the Estate of AMELIA LAVANBURG, Deceased.

Surrogate's Court, New York County, August 10, 1927.

Corporations — dividends — distribution of dividends between principal and income of trust — stock of subsidiary acquired after death of testatrix and distributed to shareholders of parent corporation belongs to income.

The principal of the trust fund set up by the testatrix included shares of stock of a corporation. After the death of the testatrix the corporation purchased

shares of stock of a subsidiary corporation and distributed those shares *pro rata* among the holders of its stock. The shares distributed by the corporation to the trustees of the trust represented profits accumulated by the parent corporation since the death of the testatrix and properly belonged to the beneficiaries of the trust.

Shares distributed by the subsidiary after the death of the testatrix as a stock dividend should also be allocated to income.

ACCOUNTING proceeding by testamentary trustee.

*Duer, Strong & Whitehead,* for the petitioner.

*Henry Herzbrun,* for the objecting life tenant.

*Francis J. MacIntyre* and *James J. Walker,* special guardians.

[*Grant Hoerner* of counsel.]

O'BRIEN, S. The United States Trust Company is accounting herein as trustee of two trusts created by the 7th and 8th paragraphs of the will of decedent. In each of the trusts set up under the will as of the date of death of decedent, to wit, May 19, 1915, there were included as part of the principal 180 shares of stock of the General Electric Company. From March, 1905, to December, 1924, the General Electric Company acquired all of the stock of the Electric Bond and Share Company, a subsidiary of the former company, 60,000 shares of the common stock having been acquired prior to the decedent's death, and 190,000 shares of the common and 300 shares of the preferred subsequent thereto, all but 40,007 shares of the common stock being purchased at par, the 40,007 shares being a stock dividend. After acquiring all of the stock of the Electric Bond and Share Company, the General Electric Company in December, 1924, organized the Electric Bond and Securities Company, and transferred all of the property of the Electric Bond and Share Company to the new corporation. It thereupon distributed the stock of the new corporation to the stockholders of the General Electric Company, share for share; that is, one share of the stock of the new company for each share of the General Electric Company. Upon such distribution the trustee herein received 180 shares of the Electric Bond and Securities Company for each of the trusts. Treating these shares as a distribution of the assets of the General Electric Company, the trustee has credited the stock so received to principal. To this allocation of the stock to principal, objections have been filed by one of the life beneficiaries. This presents the question to be determined in this proceeding.

The objecting life beneficiary contends that 190,000/250,000 part of this stock should be credited to income and paid to the life beneficiaries as either interest, dividends, profits or earnings of

MATTER OF NEWCOMB.                553

Misc. 553]      Surrogate's Court, New York County, August, 1927.

the General Electric Company. From the facts and figures sub-
mitted I hold that his contention is correct and his objections are
sustained.

It appears that from the date of de_edent's .eath, 1915, to the
date of the distribution, the capital of the General Electric Com-
pany had more than doubled. The surplus during that period had
trebled. The capital value of each share of stock had increased
$21. The accumulated net earnings of the company, after deduct-
ing therefrom dividends paid during said period, approximated
$204,000,000. Under the circumstances it must be presumed that
the purchase of the stock of the Electric Bond and Share Com-
pany was from the net earnings of the General Electric Company.
(*U. S. Trust Co.* v. *Heye,* 224 N. Y. 242, 261; *Bourne* v. *Bourne,* 240
id. 172.) So much of the stock, therefore, of the Electric Bond
and Securities Company as represents shares of the Electric Bond
and Share Company purchased by the General Electric Company
subsequent to the decedent's death should be allocated to income.
The 40,007 shares distributed by the Electric Bond and Share
Company after decedent's death as a stock dividend should also
be allocated to income. (*Bourne* v. *Bourne, supra; Matter of
Osborne,* 209 N. Y. 450.)

Submit decree settling the account in accordance with this
decision.