CITY BANK FARMERS TRUST COMPANY, Individually and as Trustee, Plaintiff, *v.* ANNA F. ERNST et al., Appellants, and CITY BANK FARMERS TRUST COMPANY, as Executor of WOOD FOSDICK, Deceased, et al., Respondents, Impleaded with Another.

(Argued January 10, 1934; decided January 23, 1934.)

*Windsor B. Putnam* and *Fitzhugh McGrew* for appellants. The distribution of the common stock of Electric Bond and Share Securities Corporation was not a stock dividend within the donor's meaning. (*United States Trust Co.* v. *Heye*, 224 N. Y. 242; *Matter of Lavanburg*, 130 Misc. Rep. 551; *Morris* v. *Sickly*, 133 N. Y. 456; *Matter of Tamargo*, 220 N. Y. 225.) The term "stock dividend" means a dividend capitalizing surplus, paid in stock of the declaring corporation, and not a dividend distributing surplus that happens to be paid in stock of a subsidiary or other corporation. (*Matter of Rogers*, 22 App. Div. 428; 161 N. Y. 108; *Liebman* v. *Auto Strop Co.*, 241 N. Y. 427; *Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1; *Gray* v. *Hemenway*, 212 Mass. 239; *Union & New Haven Trust Co.* v. *Taintor*, 85 Conn. 452; *Union & New Haven Trust Co.* v. *Sherwood*, 110 Conn. 150; *Lloyd* v. *Lloyd*, 341 Ill. 461; *Smith* v. *Cotting*, 231 Mass. 42; *Old Colony Trust Co.* v. *Jameson*, 256 Mass. 179; *Creed* v. *McAleer*, 275 Mass. 353; *Mercer* v. *Buchanan*, 132 Fed. Rep. 501; *Krug* v. *Mercantile Trust & Deposit Co.*, 133 Md. 110; *Towne* v. *Eisner*, 245 U. S. 418; *Peabody* v. *Eisner*, 247 U. S. 347; *Eisner* v. *Macomber*, 252 U. S. 189; *United States* v. *Phellis*, 257 U. S. 156.) The donor's use of the term "stock dividends" was unambiguous. (*New York Life Ins. & Trust Co.* v. *Hoyt*, 161 N. Y. 1; *Matter of Tamargo*, 220 N. Y. 225.) The regular quarterly dividends of the new Electric Bond and Share Company are not stock dividends within the meaning of the trust deed. (*People ex rel. Clark* v. *Gilchrist*, 243 N. Y. 173; *Matter of Hagen*, 262 N. Y. 301; *Matter of Villard*, 147 Misc. Rep. 472; *Spencer* v. *Spencer*, 219 N. Y. 459; *Matter of Buechner*, 226 N. Y. 440.)

*E. J. Dimock* and *Lewis L. Delafield* for respondents. From the language of the deed of trust and from all of the circumstances surrounding the donor at the time of its execution, it is clear that he intended that a dividend such as that in Electric Bond and Share Securities Corporation stock should be delivered over to the donor or his executor. Effect should be given to his intention. (*Pratt* v. *Ladd*, 253 N. Y. 213; *Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1; *Matter of Megrue*, 224 N. Y. 284.)

POUND, Ch. J.   This action was brought by the plaintiff as trustee for a judicial settlement of its accounts and for a construction of the deed of trust.   The deed of trust, dated May 4, 1918, made provision for the donor's nieces, Anna Fosdick Ernst and Frances L'Hommedieu Jones.   It recites that the donor has delivered to the trustee six hundred shares of stock of the General Electric Company in trust to divide the same into two funds of three hundred shares each, to pay the net income of each to the defendant Anna Fosdick Ernst and the defendant Frances L'Hommedieu Jones, respectively, and upon their respective deaths, to pay the net income to the defendant Katherine Davies Ernst for her life.   The deed of trust contains the following clause which is the subject of this appeal:

" Anything hereinabove contained to the contrary notwithstanding, said trustee shall transfer to said Donor, or if he is dead, to his executor or administrator, free of all trusts hereby created, *any and all stock dividends which it may from time to time receive on any stocks held by it hereunder.*"

In January, 1925, the General Electric Company distributed stock of Electric Bond and Share Securities Corporation to its stockholders share for share.   This stock has been held undistributed by the trustee.   The present Electric Bond and Share Company, the successor of the company whose stock was distributed, now pays

its regular dividend in stock. The ownership of both groups of stock is in question.

The questions presented are as follows: An affirmance of the judgment below involves but one question. It concerns the ascertainment of the intent of the donor, Wood Fosdick, when he provided in the deed of trust that the trustee should transfer to the donor or his executor " *any and all stock dividends.*" The question is whether the Appellate Division was right in holding that a dividend paid by the General Electric Company in stock of its subsidiary, the Electric Bond and Share Securities Corporation, was within the donor's intention when he referred to " stock dividends " in this clause. Wood Fosdick has died since the establishment of the trust and the American Museum of Natural History, as residuary legatee under his last will and testament, stands in his shoes.

Another question arises if this court disagrees with the Appellate Division and holds that the distribution of stock of the Electric Bond and Share Securities Corporation was not a " stock dividend " and hence did not go to the donor or his executor. The second question, like the first, also involves the ascertainment of the intent of the donor when he speaks of " stock dividends " and concerns a series of dividends on new Electric Bond and Share Company stock paid quarterly in its own stock at the rate of one and one-half per cent.

The Appellate Division, beside reversing the Special Term on the first question and holding that the dividend paid in stock other than that of the paying corporation constituted a " stock dividend " within the meaning of the donor when he provided that the trustee should transfer to the donor " any and all stock dividends," also expressed its opinion on the second question, saying that the dividends paid in the stock of the paying corporation were also within the donor's meaning when he provided that " stock dividends " should belong to him.

The usual meaning of "stock dividend" is "any dividend which shall be payable in the stock of the corporation * * * declaring or authorizing such dividend." (L. 1926, ch. 843 [Personal Property Law, § 17-a; Cons. Laws, ch. 41]; *Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1, 12; *Gray* v. *Hemenway*, 212 Mass. 239, 241, 242; *Peabody* v. *Eisner*, 247 U. S. 347, 350.) The converse of the proposition is equally true. A dividend of the stock of other corporations is not a stock dividend, but is the same as a dividend of cash. (*Matter of Rogers*, 22 App. Div. 428; affd., 161 N. Y. 108.)

Plainly, the distribution of the stock of the Securities Corporation to the stockholders of General Electric was not a stock dividend. In issuing a stock dividend the corporation does not divide or part with any of its property or assets, but merely changes the evidence of ownership which already exists. Here, General Electric Company actually parted with its holdings in Electric Bond and Share Company, and in consideration of receiving these holdings the Securities Corporation distributed its stock to the stockholders of General Electric. If General Electric had sold its holdings in Electric Bond and Share Company for cash and divided the cash among its stockholders, there could be no question, in the light of the decision in *Gibbons* v. *Mahon* (136 U. S. 549), that the dividend thus coming into the hands of the trustee would have been a cash dividend.

The intention of the settlor is to be found in the words of art used by him in expressing such intention. Obviously, his intent was to prevent the undue enrichment of the life beneficiaries and to preserve the ownership of the stock of the General Electric Company in himself. The language is unambiguous and its construction is for the court. (*Brainard* v. *N. Y. C. R. R. Co.*, 242 N. Y. 125, 133.)

It follows that certain shares of the common stock of the new Electric Bond and Share Company, derived

from the original Securities distribution will become a part of the trust principal. The new company pays its quarterly dividends in stock only. These dividends are dividends in stock of the declaring company. They are not " stock dividends " of the General Electric Company. The life beneficiaries are entitled to share in such income. (*Matter of Jackson*, 258 N. Y. 281.) It is not to be assumed that a provision for income would be rendered nugatory by a change in the form of the income. No question of apportioning extraordinary dividends arises. The dividends should be allocated between principal and income according to the stipulation herein.

The judgment of the Appellate Division should be reversed, the interlocutory judgment of the Special Term affirmed, and the matter remitted to the Special Term to modify its final judgment according to this opinion, with costs in this court and in the Appellate Division.

CRANE, J. (dissenting). The law as stated by the chief judge is correct, but I do not think the settlor used the words " stock dividends " as words of art or in their technical legal sense. He intended by the words " any and all stock dividends " to mean " any kind " of dividends. If this were not so, the use of " any " was superfluous as the word " all " would have been sufficient.

I, therefore, do not agree with the conclusion reached.

LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur with POUND, Ch. J.; CRANE, J., dissents in memorandum.

Judgment accordingly.