In the Matter of the Estate of FANNY GARRISON VILLARD, Deceased.

Surrogate's Court, Westchester County, June 19, 1941.

*Sullivan & Cromwell* [*William Curtis Pierce* of counsel], for Bank of New York, as trustee, etc., petitioner.

*Merritt & Bangs*, for the income beneficiaries.

*Chester A. Slocum*, special guardian.

MILLARD, S. This testatrix died on July 5,·1928, leaving a will dated June 20, 1924, and a codicil dated September 17, 1927. In this accounting proceeding the trustee has requested the construction of articles sixth, ninth (A) and ninth (B) of the will and of article second of the codicil. The question of construction relates to the proper allocation of certain stock dividends between the income beneficiaries and remaindermen of the various trusts created under the above enumerated articles of the will.

The estate of this testatrix consisted in large measure of common stock in The North American Company, a corporation with which her deceased husband had long been actively identified. In accordance with authority granted under the terms of the will, blocks of this stock were allocated by the trustee to the various trusts therein created. On December 29, 1939, and on October 1, 1940, in addition to a regular dividend of thirty cents per share on common stock, the North American Company declared a so-called " special " dividend on common stock in the form of certificates of participating units of beneficial ownership of common stock in Washington Railway and Electric Company. The entire dividend payable by the North American Company on common stock for the first quarter of the year 1941 was declared by the directors of that company in the form of the aforementioned participating units. At the same time the stockholders were advised that all future. dividends during the year 1941 would be paid in that form. The court is asked

to determine whether the trustee should allocate the so-called "special" dividends to principal or income or apportion them between the two interests.

This question will turn upon the character of the dividend and also upon the intention of the testatrix as gathered from the language of her will and codicil. The North American Company is a public utilities holding corporation. During the years 1923 through 1933 its dividends were payable entirely in its own common stock. Beginning in 1934 through 1938 its dividends were declared either in cash or common stock or both. The company initiated the policy of declaring dividends payable in the common stock of one of its subsidiary corporations in the year 1939. According to the announcement to the stockholders, this policy was adopted in order to enable the company to comply with the requirements of the Public Utility Holding Company Act of 1935 (U. S. Code, tit. 15, §§ 79–79z-6), and so that it could retain its cash surplus for the purpose of retiring its outstanding debentures. The reasoning back of the plan would seem most feasible and practical. In the year 1939 the first so-called "special" dividend payable in the stock of another corporation was declared and paid in conjunction with and at the same time as the regular quarterly dividend. The financial history of The North American Company clearly demonstrates that the payment of an extra dividend together with the regular dividend was not unusual. The combined amounts of the two were not out of proportion to the regular dividends declared in past years. Their source of payment is expressly stated to be out of surplus or net profits of the company currently earned.

"The usual meaning of 'stock dividend' is 'any dividend which shall be payable in the stock of the corporation * * * declaring or authorizing such dividend.' (L. 1926, ch. 843 [Personal Property Law, § 17-a; Cons. Laws, ch. 41]; *Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1, 12; *Gray* v. *Hemenway*, 212 Mass. 239, 241, 242; *Peabody* v. *Eisner*, 247 U. S. 347, 350.) The converse of the proposition is equally true. A dividend of the stock of other corporations is not a stock dividend, but is the same as a dividend of cash. (*Matter of Rogers*, 22 App. Div. 428; affd., 161 N. Y. 108.) " (*City Bank Farmers Trust Co.* v. *Ernst*, 263 N. Y. 342, 346.)

It is thus apparent that the dividends in question do not come within the purview of section 17-a of the Personal Property Law, which pertains to dividends " * * * payable in the stock of the corporation or association declaring or authorizing such dividend * * *." In *Matter of Osborne* (209 N. Y. 450, 477) the court laid down the following rules with respect to ordinary and

extraordinary dividends: " 1. Ordinary dividends, regardless of the time when the surplus out of which they are payable was accumulated, should be paid to the life beneficiary of the trust. 2. Extraordinary dividends, payable from the accumulated earnings of the company, whether payable. in cash or stock, belong to the life beneficiary, unless they entrench in whole or in part upon the capital of the trust fund as received from the testator or maker of the trust or invested in the stock, in which case such extraordinary dividends should be returned to the trust fund or apportioned between the trust fund and the life beneficiary in such a way as to preserve the integrity of the trust fund."

In *Bourne* v. *Bourne* (240 N. Y. 172, 176) the court stated: " An ordinary cash dividend may in fact impair the trust estate as it originally existed We do not stop to inquire. We award such a dividend without question to the life tenant."

The fear expressed by the special guardian with respect to the possible depreciation of the trust assets by reason of the payment of the so-called " special " dividend is not founded in fact. The directors of The North American Company are, naturally, most reluctant to throw upon the open market a large block of stock of a subsidiary corporation. Instead, they have proceeded to distribute such stock among the stockholders in lieu of cash, which is being used to liquidate other corporate indebtedness. Therefore, the transaction would seem to be one involving the substitution of assets rather than liquidation. I am, therefore, led to conclude that the dividends declared by The North American Company, payable in the common stock of Washington Railway and Electric Company, were ordinary dividends. (*City Bank Farmers Trust Co.* v. *Ernst, supra; Matter of Postley*, 251 App. Div. 469.)

In a prior accounting proceeding had in reference to a trust created by article fifth of the will now before me for construction, my learned predecessor, Surrogate SLATER, passed upon almost the identical question now raised. (*Matter of Villard*, 147 Misc. 472.) Considering the intention of the testatrix, he stated (at p. 477): " Her will shows that she intended her beneficiaries to have the full and undiminished income of their trusts as evidenced in the twelfth paragraph of her will. Here she speaks of the payment of he ' full income ' to the beneficiaries. In the fifteenth clause she directs all transfer taxes to be paid out of the general residuary estate ' so that such legatee shall be entitled to receive or enjoy the benefit of the *full sum* bequeathed to and for the benefit of him or her.' These clauses evince her general intent. The controlling test here is one of ' presumable intention.' (*Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1; *Pratt* v. *Ladd*, 253 id. 213, 219.) The testatrix's primary object was the life beneficiary."

I concur in the conclusion of the former surrogate and accordingly hold the so-called " special " dividends declared by The North American Company payable in the common stock of the Washington Railway and Electric Company to be ordinary dividends payable to the life beneficiaries. (*Matter of Villard, supra.*)

The court has been advised that since the filing of this account The North American Company has announced that its next regular quarterly dividend will be payable in the common stock of one of its other subsidiary corporations. While I decline to pass upon the question involving the disposition of future dividends at this time, the trustee may be guided by my ruling with respect to the three dividends above mentioned.

The will is construed accordingly.

Settle decree.