In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of ROBERT H. BENARY, Deceased.

Surrogate's Court, Richmond County, February 16, 1949.

*Mitchell, Capron, Marsh, Angulo & Cooney* for trustee.

*Albert C. Fach,* special guardian for John J. Conmy, Jr., and another.

BOYLAN, S.   In this accounting proceeding the trustee has requested the court to construe the fifth paragraph of the last will and testament of Robert H. Benary, who died May 25, 1927, and determine whether the word " issue " as used in the fifth paragraph means " per stirpes " or " per capita ".   The trustee also requests instructions as to the disposition of certain stock dividends.

By the fifth paragraph of his will the decedent created a trust for the benefit of his daughters, Cathrin Mazza and Sadie B. Quinn.   Cathrin Mazza died on August 1, 1947, leaving her surviving two daughters, Loretta Mazza Meyers and Ruth Mazza Conmy and three grandchildren, the issue of the said daughters.   Sadie B. Quinn still survives.   The fifth paragraph of the will provides in part as follows : " If said Cathrin Mazza should die and leave issue her surviving, her issue shall take

the share of the income to which she would have been entitled had she survived during the remainder of said trust period." The direction in the will is silent as to whether the issue now entitled to a one-half part of the income (that part which was paid to Cathrin Mazza during her lifetime) shall be determined per stirpes and only include the daughters of Cathrin Mazza or per capita and include them and their three children.

The fifth clause of said will also provides: "Upon the termination of the trust upon the death of the survivor of said Cathrin Mazza and Sadie B. Quinn, the principal of said trust property shall be paid over and delivered to Loretta Mazza and Ruth Mazza, the daughters of Cathrin Mazza in equal shares. If either said Loretta or Ruth Mazza should not survive but should leave issue then surviving, such issue shall take in equal shares per stirpes the share its deceased parent would have taken had she then survived. If either said Loretta or Ruth Mazza should not then survive and should not leave issue then surviving, then to the other one or if she should not then survive to her issue then surviving in equal shares per stirpes."

There is one cardinal principle of testamentary construction to which all others are subordinate, namely "That the intention of the deceased is to be sought in all his words and when ascertained is to prevail." (*Robinson* v. *Martin,* 200 N. Y. 159; *Mullarky* v. *Sullivan,* 136 N. Y. 227.) When the testator provided that the principal of the trust be paid to Loretta Mazza (Meyers) and Ruth Mazza (Conmy) and if either be dead to their issue per stirpes he indicated an intention to distribute his estate per stirpes rather than per capita, and this intention would also apply to income. Further indication of an intention to distribute the income per stirpes rather than per capita is found in the fact that decedent undoubtedly intended to benefit the children of Cathrin Mazza rather than more remote descendants.

Even though no intent was expressed in the will, section 47-a of the Decedent Estate Law which was in effect prior to the death of the decedent provides: "*Issue to take per stirpes.* If a person dying after this section takes effect shall devise or bequeath any present or future interest in real or personal property to the 'issue' of himself or another, such issue shall, if in equal degree of consanguinity to their common ancestor, take per capita, but if in unequal degree, per stirpes, unless a contrary intent is expressed in the will."

The court holds that the word "issue" as used in the fifth paragraph of said will means "issue per stirpes" and that

the income heretofore paid to Cathrin Mazza is now payable in equal shares to her daughters, Loretta Mazza Meyers and Ruth Mazza Conmy.

One of the assets of the trust is stock in American Light and Traction Company, which company was directed by the Securities and Exchange Commission to dispose of its interest in the common stock of Detroit Edison Company. The approved plan, in part, provides for the payment of regular quarterly dividends during 1948 in stock of Detroit Edison Company and for the distribution of any undistributed and unsold shares of Detroit Edison Company on hand at the end of the year, as a special dividend.

It is not essential for the dividends to be paid in cash in order that they constitute income. Though a dividend is declared in a commodity or the evidences of title to a commodity, it must be treated as if it were a cash dividend (*Matter of Wolfe*, 155 Misc. 190). Thus where the dividend is to be paid in stock of another corporation, even a subsidiary corporation, it will remain income, exactly as it would be, if payable in cash. It is not a stock dividend, but a cash dividend payable in stock. (*Matter of Lavanburg*, 130 Misc. 551; *City Bank Farmers Trust Co. v. Ernst*, 263 N. Y. 342; *Matter of Rogers*, 22 App. Div. 428, affd. 161 N. Y. 108.) Where so-called extraordinary dividends are paid out of capital assets, whether in the form of cash or stock, they constitute a distribution of capital. Thus extraordinary dividends declared as a result of reduction of the capital of the corporation and really paid out of the capital assets of the company constitute capital and not income of the trust fund and are distributable to the remaindermen (*Matter of Sears*, 176 Misc. 242).

The income beneficiaries of the aforesaid trust created by the fifth paragraph of the will are entitled to receive the shares of the Detroit Edison Company distributed as a dividend by American Light and Traction Company to the extent that such stock dividends are declared in lieu of that company's usual quarterly dividend, but any special dividend if paid out of the capital assets of American Light and Traction Company constitutes principal and becomes part of the corpus of said trust.

Enter decree judicially settling account and in accordance herewith.