William 0. Hecht, Jr., J.
This is an application by the trustees of six separate trusts created by John Sanford (since deceased) for determination by the court as to the allocation between principal and income of certain liquidating distributions received by the trustees in respect of the stock of Stephen Sanford & Sons, Inc., held by them in each of the trusts on the dissolution of that corporation.
Four of the trusts were created by inter vivos agreements. Each is the subject of a separate proceeding. Two of the trusts were created by decedent’s last will and testament. These two have been combined in one proceeding. While some of the trustees of the various trusts are different and there are certain other differences, such as dates of creation, numbers of shares held, values at date of creation, particular life beneficiaries and remaindermen, and certain phraseology in the instruments, yet the basic facts and the legal questions involved in all the proceedings are, for all practical purposes, identical.
The infant remaindermen are represented by five special guardians. One adult remainderman, the trustees and the life beneficiaries, each appear by separate attorneys.
As the result of much time and painstaking effort by all of the interested parties, an agreed statement of facts was submitted to the court in each proceeding.
While the matter was sub judice, negotiations between the parties for a settlement of the matters in dispute were instituted. They finally culminated in a proposed settlement approved by the income beneficiaries and recommended by all of the special guardians for approval by the court.
*310 Stemming from Matter of Osborne (209 N. Y. 450) there have been a large number of decisions which have established the basic New York rule that, except as varied by section 17-a of the Personal Property Law, distributions received by a trustee from corporate funds are allocable, principal to the trust fund and income to the life beneficiaries.
The rule has been applied in a variety of circumstances, such as payments or distributions in liquidation (Matter of United States Trust Co., 190 App. Div. 494, affd. 229 N. Y. 598; Matter of Johnson, 117 N. Y. S. 2d 305); payments in partial liquidation or transactions in the nature of partial liquidations (Matter of Rogers, 22 App. Div. 428, affd. 161 N. Y. 108; Matter of Schaefer, 178 App. Div. 117, affd. 222 N. Y. 533); dividends in stock of other corporations (City Bank Farmers Trust Co. v. Ernst, 263 N. Y. 342; Matter of Villard, 176 Misc. 852); extraordinary dividends (Matter of Postley, 251 App. Div. 469); and, except as covered by the amendment to the law by section 17-a of the Personal Property Law, stock dividends (Bourne v. Bourne, 240 N. Y. 172; Pratt v. Ladd, 253 N. Y. 213).
Most of the corporations involved in the cited cases, however, were business corporations or investment companies and such cases are, therefore, not precedents as to what, in the instant case, is principal and what is income.
Here we are dealing with a holding corporation, controlled and administered by a small group of interlocking fiduciaries owning the stock of the holding corporation. Whether they are acting as trustees or as corporation directors, the result of their activities as between principal and income should be consistently the same. There is merit in the contention of the remainder-men that the court would be justified in applying the ordinary rules of trust administration to such distributions and hold that all accretions to the corporation’s assets (capital gains) since the creation of the respective trusts be allocated to trust principal.
The over-all picture, however, is one of doubt and confusion, arising primarily because of the fact that there are no specific provisions in any of the trust instruments or corporate charter to guide the trustees and the court in making a determination of the conflicting claims. These absences necessitate an examination of all of the factors present in the light of past decisions of those courts where the issues have been considered. In every such decision cited either in support of the income beneficiaries or in support of the remaindermen there appear some factors quite different from those presented by the issues in these proceedings, and therefore to that extent their applicability to the *311 present situation is questionable. Very few such decisions involve a bona fide complete dissolution of the corporation.
For all the trusts involved in these proceedings the amounts in dispute total, approximately, $12,800,000.
In substance, under the settlement agreements, the income beneficiaries will receive approximately 35% of the increase in value of assets of Stephen Sanford & Sons, Inc., which took place during the period when stock of that corporation was held in trust. The increase is ascertained by subtracting from the market value of liquidating distributions received by the trustees, the mean between the market value and the book value of the assets held by Stephen Sanford & Sons, Inc., on the dates when the trustees received the stock of that corporation.
With the large amounts at stake and the uncertainty of the governing law, any decision almost of necessity will be appealed. This, everyone agrees, involves time, expense, delay and uncertainty; therefore, compromise appears to be the only practical solution. The court finds the proposed compromise is fair to the infant remaindermen and, accordingly, it is approved.
Settle judgments.