PEOPLE ex rel. PULLMAN CO. v. GLYNN, State Comptroller.

(Supreme Court, Appellate Division, Third Department. January 22, 1909.)

1. TAXATION (§ 378*)—CORPORATE STOCK—MODE OF ASSESSMENT—AMOUNT—VALUE OF FRANCHISES.

The franchise tax on corporations is imposed upon the capital stock, and not upon the dividends, and when no dividends are paid the tax is assessed upon the value of the stock as appraised; but, where dividends are paid, the tax upon the stock is determined by the amount of such dividends, as indicating the value of the stock.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 626; Dec. Dig. § 378.*]

2. CORPORATIONS (§ 155*)—"DIVIDENDS"—DEFINITION.

A "dividend" is a corporate profit set aside, declared, and ordered by the directors to be paid to the stockholders upon demand or at a fixed time.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 560; Dec. Dig. § 155.*

For other definitions, see Words and Phrases, vol. 3, pp. 2143–2147.]

3. TAXATION (§ 496*)—ASSESSMENT—REVIEW—PROCEEDINGS BEFORE COMPTROLLER.

The decision of the Comptroller as to the assessment and taxation of corporate franchises will not be disturbed by the courts unless clearly erroneous.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CORPORATIONS (§ 157*)—DIVIDENDS—STOCK DIVIDENDS.

    Whether a distribution of corporate stock pro rata among the stockholders is a dividend representing profits, or an adjustment of capital account, depends on the circumstances of each case, and, if such distribution represents surplus earnings, it may be treated as a dividend out of the income from the original stock.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 584; Dec. Dig. § 157.*]

5. TAXATION (§ 378*)—ASSESSMENT—FRANCHISE TAX.

    Since the franchise tax on corporations is determined by the amount of the dividends if declared, where a corporation distributed the dividends accumulated during a number of years to the stockholders in the form of additional stock, instead of distributing them yearly as they accrued, such stock dividends should be considered in determining the amount of the franchise tax for that year.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 626; Dec. Dig. § 378.*]

Certiorari by the People, on relation of the Pullman Company, against Martin H. Glynn, as Comptroller of the State of New York, to review defendant's determination of the amount of a franchise tax against relator. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Cumming & Webster (Robert C. Cumming, of counsel), for relator. William S. Jackson, Atty. Gen., for respondent.

JOHN M. KELLOGG, J. The franchise tax is imposed upon that part of the capital stock of the corporation which is employed within the state. It is the stock, and not the dividend, which is taxable. Where a corporation pays no dividend, the stock is appraised, and the tax is computed upon the appraised value. Where a dividend is paid, it is an indication of the value of the stock, and the tax upon the stock is determined by the amount of such dividend.

A "dividend" is a corporate profit set aside, declared, and ordered by the directors to be paid to the stockholders upon demand or at a fixed time. Cook on Corporations, § 534. Whether in this case the distribution of additional capital stock was a distribution of profits, or an adjustment of capital account, is the material question. The relator had full knowledge upon that question, but upon a hearing before the Comptroller failed to give any information upon the subject. The decision of the Comptroller as to assessments and taxation, unless clearly shown to be erroneous, will not be disturbed. People ex rel. Postal Telegraph Co. v. Campbell, 70 Hun, 507, 24 N. Y. Supp. 208; People ex rel. Westchester F. I. Co. v. Davenport, 91 N. Y. 574; People ex rel. Burke v. Wells, 184 N. Y. 275–279, 77 N. E. 19, 12 L. R. A. (N. S.) 905, 112 Am. St. Rep. 840.

Stock, scrip, and bond dividends, so called, have frequently been declared and have been before the court for consideration, and I think the general understanding in commercial affairs and with the courts is that they represent a benefit to the stockholders and a distribution of profits. Whether a distribution of stock pro rata among the stock-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

holders of a corporation is a dividend representing profits, or an adjustment of capital account, depends upon the circumstances of each case, and, if such distribution represents surplus earnings, it may fairly be treated as a dividend and as the income from the original stock. Chester v. Buffalo Car Mfg. Co., 70 App. Div. 443, 75 N. Y. Supp. 428, affirmed 183 N. Y. 425, 76 N. E. 480; McLouth v. Hunt, 154 N. Y. 179, 48 N. E. 548, 39 L. R. A. 230; Lowery v. Farmers' L. & T. Co., 172 N. Y. 137, 64 N. E. 796.

This court has held that a distribution of stock pro rata among the stockholders, which does not represent profits but an excess of capital, cannot be considered as a basis for computing the tax under this statute. People ex rel. N. A. Trust Co. v. Knight, 96 App. Div. 120, 89 N. Y. Supp. 72.

Assuming, as we must for the purposes of this case, that this issue of stock so distributed represented surplus profits, it is clear that it may properly be taken into consideration in determining the amount of the relator's tax. If the relator is now able to distribute $26,000,000 of surplus profits earned, it means that it has failed for some reason to distribute annually the net earnings of the corporation fairly applicable to dividends, and has deemed it wise, instead of making such distribution annually, to distribute it at one time. If the surplus earnings of the corporation fairly applicable to dividends had been distributed from time to time during the various years covered by this statute, the relator would have paid to the state a much larger sum as a tax than it has paid, and, if it now distributes such surplus in a lump, it is not injured by having the lump sum treated as a basis for computing the amount of the tax. Aside from the bare question of interest from year to year, it is quite immaterial to the state and to the relator whether the distribution of surplus profits and the tax computed thereon is spread over many years or included in one year. The result is, in either case, that the amount of net profits distributed by the relator to its stockholders has been used for the purpose of determining the amount of its tax.

We therefore conclude that the determination should be confirmed, with costs and disbursements against the relator. All concur.