MACKELLAR v. STEBBINS.

1. WILLS—CONSTRUCTION—AMBIGUITY—"ALL DIVIDENDS" CALLS FOR CONSTRUCTION.

A paragraph in a will giving to testator's wife certain shares of bank stock for the term of her natural life, and providing that she should receive "all dividends" which might be declared, is one calling for construction under the rules, since testator failed to state that said dividends included both ordinary and extraordinary, cash and stock, which would have rendered the meaning unambiguous.

On rights as between life beneficiaries and remaindermen in corporate dividends or distribution during the life interest, see annotation in 24 A. L. R. 10; 42 A. L. R. 448.

2. SAME—STOCK DIVIDEND EARNED BEFORE COMMENCEMENT OF LIFE
  INTEREST BECOMES PART OF CORPUS OF ESTATE.

> A stock dividend declared upon bank stock willed to testator's
> wife for life, which was earned before the commencement of
> the life interest, becomes part of the *corpus* of the estate,
> and therefore does not go to her under the provision that
> she was to receive "all dividends" which might be declared.

Appeal from Van Buren; White (Charles E.), J.,
presiding. Submitted June 13, 1928. (Docket No.
48, Calendar No. 33,692.) Decided October 1, 1928.

Bill by Dorothy Mackellar and others against
Clarence Stebbins and others for a construction of
the last will of John E. Sebring, deceased. From a
decree for plaintiffs, defendants appeal. Affirmed.

*David Anderson,* for plaintiffs.

*Clare E. Hoffman,* for defendants.

CLARK, J. The capital stock of West Michigan
Savings Bank of Bangor was 250 shares of $100
each, $25,000. This with surplus, $34,000, and some
undivided profits, made the book value $266.41 per
share. John E. Sebring was president of the bank
and owned 65 shares. He died in May, 1919, leav-
ing a will, of which the bill seeks construction. We
quote:

"*Six.* I give, devise and bequeath to my dear
beloved wife, Clara J. Sebring, the use and income
from the sixty-five (65) shares of stock of the West
Michigan Savings Bank, of Bangor, Michigan, for
the term of her natural life, it being understood
that she shall receive all dividends which may be
declared and distributed upon said shares of stock.
"*Seven.* I will and direct that upon the death of
my beloved wife, Clara J. Sebring, that the said

sixty-five (65) shares of the capital stock of the West Michigan Savings Bank, of Bangor, Michigan, shall be divided equally between my dear niece, Euna Belle Morrison, of Paw Paw, Michigan, and my dear great-niece, Dorothy Mackellar, of Portland, Oregon."

In July, 1919, the stockholders decided to increase the capital stock to $50,000, to capitalize $25,000 of the surplus, to declare a stock dividend of 100 per cent., which was done. By agreement of stockholders a part of the new issue was sold at a fixed price of $160 per share, and accordingly Mrs. Sebring received 39 shares of the new issue, and $4,160 proceeds of the sale of the remaining 26 shares. Mrs. Sebring died in 1926 leaving a will by which she sought to dispose of her estate including specifically the 39 shares.

This is a contest between plaintiffs, those who take under the quoted seventh paragraph of Mr. Sebring's will, and defendants, those who take under the will of Mrs. Sebring. And the question is: Must it be held that the stock dividend is a part of the *corpus* of Mr. Sebring's estate and therefore belonging to those who take the remainder under the seventh paragraph of his will, or a mere dividend or income belonging to the life beneficiary under the sixth paragraph of the will. Plaintiffs had decree. Defendants have appealed.

If testator has expressed, without ambiguity, an intention to give his wife, the life beneficiary, dividends, both ordinary and extraordinary, both cash and stock, there is nothing to construe.

Such words as "income," "dividends," and "profits" have been held in cases such as this to be open to and to require construction. See 24 A. L. R. 9, and 42 A. L. R. 448. Appellants argue that as

testator here said "all dividends" rather than
merely "dividends," the will is certain and admits
of no construction. "Dividends" and "all divi-
dends" are equally inclusive. Neither indicates an
exception. Had the testator said "the dividends"
or "dividends" instead of "all dividends" the
meaning would be practically the same. The case
calls for construction under the rules.

The stock dividend here was earned before the
commencement of the life interest. The rules,
cases, and conflict in decisions are fully reviewed
and considered in 24 A. L. R. 9; 42 A. L. R. 448;
14 C. J. p. 829. The two leading rules, each sup-
ported by much respectable authority, are known
as Pennsylvania rule and Massachusetts rule.

It is said in a note (24 A. L. R. 42) that the former
rule—

"inquires as to the time, relatively to the commence-
ment of the life estate, covered by the accumulation
of earnings from which the extraordinary dividend,
whether stock or cash, was made; and, if it ascer-
tains that the entire dividend was earned before
the commencement of the life interest, awards the
entire dividend, whether stock or cash, to the *corpus;*
and, if it ascertains that the entire dividend was
earned (*i. e.,* earned in the sense that its payment
would not impair the book value of the stock as of
the date of the commencement of the life interest)
after the commencement and during the continuance
of the life interest, awards the entire dividend to
income; and, if it ascertains that the fund accumu-
lated partly before and partly after the commence-
ment of the life interest, undertakes to apportion
the dividend, whether stock or cash, between the
life tenant and the remainderman."

The latter rule is thus stated in 24 A. L. R. 29,
quoting from *Minot* v. *Paine,* 99 Mass. 108 (96 Am.
Dec. 705):

" 'A simple rule is to regard cash dividends, however large, as income, and stock dividends, however made, as capital.' "

We have difference in opinion of the comparative soundness of these rules, but as this case may be decided without adopting either rule, it is unnecessary to provoke dissent.

The stock dividend was earned before the commencement of the life interest and therefore, under the Pennsylvania rule, should be awarded to the *corpus* of the estate. And it being a stock dividend, a like award is required under the Massachusetts rule.

It follows that the decree is affirmed, with costs to plaintiffs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.