THE PEOPLE OF THE STATE OF NEW YORK ex rel.
ADAMS ELECTRIC LIGHT COMPANY, Appellant, *v.* MARK
GRAVES et al., Constituting the State Tax Commission,
Respondents.

(Argued October 5, 1936; decided November 24, 1936.)

*Francis E. Cullen* for appellant.

*John J. Bennett, Jr.*, Attorney-General (*Wendell P. Brown* of counsel), for respondents.

FINCH, J.  The question presented is whether the transfer of a portion of a corporation's earned surplus to its no par value capital stock account is in effect the declaration or payment of a " dividend " within the meaning of that term as used in section 186 of the Tax Law (Cons. Laws, ch. 60).

The petitioner is a corporation engaged in the business of selling and distributing electricity and is subject to the franchise tax imposed by section 186 of the Tax Law which required it to pay " three per centum upon the amount of dividends declared or paid in excess of four per centum upon the actual amount of paid-up capital employed in this state   *   *   *."   (§ 186, later amended by Laws 1935, ch. 745, § 6.)

The only stock issued by the petitioner is 2,316 shares without par value. Prior to May 16, 1933, the capital of this corporation was approximately $50,000. At that time the corporation had a surplus in excess of $100,000. On that date the board of directors adopted a resolution directing the transfer from the surplus account to the no par value capital stock account of approximately $90,000 of this surplus, thereby increasing the capital account to $140,000.

The Tax Commission held that this transfer constituted in effect the declaration and distribution of a stock dividend and was taxable under section 186. The Appellate Division has confirmed this tax assessment, two justices dissenting.

The question presented is wholly one of statutory construction. When the Legislature used the word " dividend " did it use that word to include only cash or property received by the stockholders or was it intended to include within the concept also an excise upon the corporation when the corporate funds are transferred from surplus to capital account even though the latter in no way increases the amount then received by the stockholder?

The franchise tax levied by section 186 is based upon the dividends declared or paid by a corporation. Can the transaction involved herein be treated as the declaration of a dividend? A dividend on corporate stock implies a division or distribution of corporate profits. Normally dividends are paid in cash. Frequently, however, dividends are declared in the form of scrip, or stock.

The courts of this State have held that franchise taxes apply to the distribution of corporate profits whether in the form of a bond dividend (*People ex rel. Wedgewood Realty Co.* v. *Lynch,* 262 N. Y. 202), a preferred stock dividend (*People ex rel. Eastern Bldg. Corp.* v. *Lynch,* 245 App. Div. 787), an ordinary stock dividend (*People ex rel. Empire State Dairy Co.* v. *Sohmer,* 218 N. Y. 199; *People ex rel. Pullman Co.* v. *Glynn,* 130 App. Div. 332; affd. on opinion below, 198 N. Y. 605), or loans to stock-

holders which bore no interest and which were made with no intention of repayment (*People ex rel. Fox Film Corp.* v. *Loughman*, 259 N. Y. 30). In all these cases there was a distribution to stockholders of either cash or an instrument which could be sold for cash. In the case at bar there has been no distribution. There has been a transfer as shown by a bookkeeping entry. The transfer from surplus to the capital stock account is authorized by section 12 of the Stock Corporation Law (Cons. Laws, ch. 59). If nothing more was done than to transfer an amount from surplus to the capital stock account it is not the equivalent of the payment of a dividend. Neither money nor property nor a stock dividend has come into the hands of the stockholders as the result of the transfer. No stockholder has the right unless further corporate action is taken to receive any equivalent of the amount transferred.

It is true that if the stockholders desire to have each share of stock represent approximately $21 of paid-in capital instead of the new amount of approximately $60 per share that this may be brought about by issuing additional shares of stock as provided for in sections 36 to 38 of the Stock Corporation Law. But only then and not till then will the stockholders receive anything which can fairly be comprised within the word " dividend." Until that further action takes place the Tax Law imposes no tax upon a transfer confined to the corporate books and the courts cannot hold by even the most liberal construction that such a bookkeeping entry constitutes a dividend. (Cf. *Gould* v. *Gould*, 245 U. S. 151.) It is likewise true that after the capital stock was increased from $50,000 to $140,000 the latter was the amount upon which the petitioner was entitled to pay a four per cent dividend without incurring a tax under section 186 of the Tax Law. This result, however, does not make the transfer equivalent to the declaration of a dividend. The measure of value of each share of stock before as well as after the increase of capital stock being

the proportionate interest of the holder thereof in the net assets of the corporation, the stock of each stockholder was worth the same after such increase as before. The entries of capital stock and surplus were both on the liability side of the balance sheet and the footing of the liability column was no different after the entry than before.

We are constrained, therefore, to hold that the transfer did not constitute the declaration of a dividend.

The order of the Appellate Division confirming the assessment of the Tax Commission should be reversed and the determination of the State Tax Commission annulled in so far as it is based upon the transfer from the surplus account to the capital account, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.