[1] Reported in 293 N.W. 784.
John S. Whitacre died testate on December 18, 1927, leaving him surviving two sons, John C. Whitacre and Edmund R. *Page 287 
Whitacre. By his will the testator created two trusts, the corpus of which consisted of shares of common stock of the St. Paul Fire Marine Insurance Company.
The trusts were identical in their terms. One consisted of 147 shares, the income of which was payable to John C. Whitacre during his lifetime, with remainder of the corpus and accrued income over to his lawful issue then living per stirpes and notper capita. The other trust consisted of 103 shares, the income of which was payable to Edmund R. Whitacre during his lifetime with remainder over to his lawful issue as in the first mentioned trust.
The will contained a provision for the apportionment and distribution of income as follows:
"I direct that all dividends paid on any stock at any time constituting a part of the principal of said trust fund, whether in the form of cash or additional stock, shall be treated as income and not as principal."
Testator acquired 25 shares of stock in 1889. The company then had a capital of $500,000 represented by 5,000 shares of stock of $100 each. He transferred this stock to his wife, but later she retransferred it to him. There were two stock dividends declared by the company between the time the testator first acquired any stock therein and his death. In July, 1914, the capital was increased from $500,000 to $1,000,000 by a transfer of $500,000 from the earned surplus to the capital stock account and the issuance of new stock of the kind then outstanding for the amount of the increase and distributing it to the stockholders share for share of their holdings. As a result of this issue testator's holdings were increased from 25 to 50 shares. In December, 1920, the capital was again doubled by increasing the capital to $2,000,000. The increase was raised by a sale of new stock at $100 per share. The right to purchase on the basis of their holdings was given the stockholders. Testator purchased an additional 50 shares, thus increasing the number of his shares to 100. In November, 1923, *Page 288 
the capital was increased to $4,000,000. Another 100 per cent stock dividend was declared by a transfer of $2,000,000 from the earned surplus to the capital stock account. New stock was issued for this amount to the stockholders in proportion to their holdings. The number of shares was increased to 160,000 and the par value was reduced to $25 per share. Testator surrendered his old stock and new stock was issued to him, thus making his holdings 400 shares. During his lifetime he disposed of 150 shares, leaving the 250 shares which became the corpus of the trusts created by his will.
In April, 1939, the stock was issued which gave rise to the present controversy. By amendment of its articles the company increased its capital from $4,000,000 to $10,000,000 consisting of 160,000 shares of $62.50 each. The additional capital was created by transferring $6,000,000 from the earned surplus to the capital stock account. New stock certificates were issued in substantially the same form as those then outstanding, which recited that the company's capital was $10,000,000 and the par value of its stock was $62.50 per share. These were exchanged for the stock outstanding as of the time of the new issue share for share. As a result of the exchange the trustees held 250 shares as before but with a par value of $62.50 instead of $25 per share. The new stock certificate was for stock with a par value of $15,625 in place of the old one for stock with a par value of $6,250. The issue of the new stock in exchange for the old was not characterized in any way by the company either as a stock dividend or otherwise.
The company's earned surplus was in excess of $10,000,000 at the time of testator's death and in excess of $25,000,000 when the stock increase and distribution were made in 1939.
The life tenants claimed that the increase of stock was "additional stock" to which they were entitled under the provision of the will that the trustee should treat all dividends paid in the form of additional stock as income, and that if the increase of stock was not additional stock within the meaning of the will it was nevertheless income to which they are entitled *Page 289 
under the rule of Goodwin v. McGaughey, 108 Minn. 248,122 N.W. 6. The remaindermen contended that the transaction was not an issue of additional stock and that it was only a bookkeeping transaction involving an adjustment of the company's accounts.
The trustee refused to apportion the increased stock to income. From an order sustaining the trustee, the life tenants appeal. Here the same claims are made as below.
The determination of the question whether the life tenant or remainderman is entitled to dividends on stock held under testamentary trust depends on the testamentary intention, which is to be ascertained as in other cases from the language of the will in the light of the surrounding facts and circumstances. The question is not one of corporate right or power in declaring dividends, but rather of disposition by the stockholder of his rights and interests in corporate stock under the laws of testacy and trusts. 12 Fletcher, Cyc. Corp. (Perm. ed.) §§ 5389-5391.
A dividend in cash or property is paid to the stockholder out of the corporation's cash or property. Hence it involves a severance of the dividend from and a diminution to the extent of the dividend of the corporation's assets.
A stock dividend is a distribution of reserved or additional stock of the corporation declaring or authorizing the dividend. Such a dividend is a conversion of earned surplus or undivided profits into capital stock, which is distributed to the stockholders. Cash or property is not distributed, and the corporation's assets are not diminished by a stock dividend. United States v. Siegel (8 Cir.) 52 F.2d 63, 78 A.L.R. 672; City Bank Farmers Trust Co. v. Ernst, 263 N.Y. 342, 346,189 N.E. 241. It is not necessary that the dividend be called a stock dividend in order to make it such. The substance, not the label, determines the nature of the transaction. The mere creation and issue of new stock on the basis of undistributed surplus which has been converted into capital stock amounts to a stock dividend although it is not denominated as such. In *Page 290 
re Norton's Will, 129 Misc. 875, 224 N.Y. S. 77; Eastman v. State Bank, 259 Ill. App. 607.
A testator may make any disposition of his stock and the income therefrom consistent with law. After all, he is but disposing of his own property. In a testamentary disposition he may treat that as income which under the laws governing corporations would be regarded as capital and vice versa. 12 Fletcher, Cyc. Corp. (Perm. ed.) § 5391. He may provide in his will that a stock dividend shall be treated as income, In re Estate of Mart, 139 Misc. 558, 248 N.Y. S. 789; or as principal, Bankers Trust Co. v. Lobdell, 116 N.J. Eq. 363,173 A. 918. It has been held that he may authorize the trustee acting with others to allocate stock dividends to principal rather than income. Equitable Trust Co. v. Prentice, 250 N.Y. 1,164 N.E. 723, 63 A.L.R. 263.
A provision apportioning both cash and stock dividends to a life tenant shows that the testator had in mind their intrinsic nature and discloses an intention to give to the life tenant all the earnings of the stock during the life tenancy regardless of the form in which the same may be distributed by the corporation. Surplus derived from earnings is actual income of the corporation. It is the property of the corporation. Surplus is potential income to the stockholder contingent on corporate action. By corporate action it may be converted into income to the stockholder by the declaration of a cash dividend or into capital of the corporation by the declaration of a stock dividend. The declaration of a stock dividend destroys the possibility of income to the stockholder out of the surplus. Whether the surplus shall be income or capital is fortuitous so far as the stockholder is concerned, since the result depends on corporate and not his own action. As between himself and his legatees, a testator may make his own disposition of his share of the capitalized surplus without regard to the action of the corporation. He may treat the same as income in fact. By directing that stock dividends be paid to the life tenants with the corpus over to the remaindermen, the testator in effect provided *Page 291 
for the severance after receipt of the stock dividend of that part of his stock representing the stock dividend. Thereby he treated that part of the earned surplus which was potential income to him, but which was converted into capital by the corporation, as income in fact. If the corporation will not make the severance by declaring a cash dividend, the stockholder may make the severance himself after the stock dividend has come under his control. In the last analysis the disposition is of that part of the testator's stock which represents the stock dividend. He can dispose of that part the same as he could of the whole. Equitable Trust Co. v. Prentice,250 N.Y. 1, 164 N.E. 723, 63 A.L.R. 263, supra.
Surrounding fact and circumstance make it plain that the testator was familiar with the practice of the company of declaring stock dividends by converting earned surplus into capital and distributing as stock the accretion of capital thus formed. He had experienced two such transactions and knew how corporate earnings which were potential cash income to him became capital of the company by the declaration of stock dividends and at the same time destroyed the possibility of his receiving cash dividends. It must have been the testator's intention to give such income to the life tenants. His direction was that "additional stock," not additional shares, should go to the life tenants.
The argument here to the contrary that no "additional stock" was paid to the trustee rests in the last analysis upon the proposition that the number of shares was not increased and the proportionate interests of the stockholders in the corporation remained the same after as they were before the stock transactions of the company. If there had been a distribution to the stockholders of additional shares representing the increase of capital stock out of surplus, there can be no doubt that the transaction would have been a stock dividend. Goodwin v. McGaughey, 108 Minn. 248, 253, 122 N.W. 6. Nor would there then be any room for construction whether the stock dividend should go to the life tenants under the provisions of the will *Page 292 
giving them all dividends paid in the form of additional stock. Mackellar v. Stebbins, 244 Mich. 170, 221 N.W. 275.
The contention that there can be no increase of stock in a corporation without increasing the number of shares fails to distinguish between the stock and the shares into which it is divided and in effect asserts that one is the same as the other. The capital stock of a corporation is the sum fixed by its articles of incorporation as paid in or to be paid in for carrying on its business. It belongs to the corporation. A share of stock is the interest or right of the shareholder in the corporation. It belongs to the shareholder and is usually evidenced by a stock certificate. State ex rel. Bodman v. Probate Court, 142 Minn. 415, 172 N.W. 318.
The stockholders received additional stock notwithstanding that they did not receive a cash dividend or additional shares and that their proportionate interests remained the same. The combined capital and surplus remained the same after the transfer of $6,000,000 from earned surplus to capital. But the amount of both the capital and surplus were changed. Capital was increased and surplus diminished by the amount transferred. Argument to the contrary makes the baseless assumption that the $6,000,000 transferred to the capital account is not to be taken into account in computing the amount of capital. A stock dividend is held to subserve public policy for the very reason that the increase of stock is represented by an equivalent permanent increase of the corporate assets. Williams v. Western Union Tel. Co. 93 N.Y. 162; 2 Cook, Corporations (8 ed.) § 536, pp. 1853-1854, note 1. If the proposition requires proof it is susceptible of mathematical demonstration in the instant case. Prior to the increase the company's capital stock was $4,000,000. Testator held $6,250 par stock which the trustee continued to hold. After the increase the capital was $10,000,000, of which the trustee held $15,625 par stock. There was an increase of his stock in the face amount of $9,375. Hence, while the proportionate interests in the corporation itself remained as before, the stock holdings were very definitely *Page 293 
changed so that each stockholder's holding was larger than before. To say that because proportionate interests are the same proportionally they are the same in amount is absurd. One-tenth equals one-tenth, but one-tenth of $1,000 is $100 and one-tenth of $1,000,000 is $100,000.
Since stock is the interest or right of the stockholder in a corporation, the stockholder's stock is increased by an increase in the amount of such interest or right. Stock may be increased by increasing either the par value or the number of shares. Minot v. Paine, 99 Mass. 101, 107, 96 Am. D. 705; Lamb v. Lehmann, 110 Ohio St. 59, 67, 143 N.E. 276,42 A.L.R. 437; Cook, Corporations (8 ed.) §§ 25, 536. See Tschumi v. Hills, 6 Kan. App. 549, 51 P. 619. In Hayes v. St. Louis Union Trust Co. 317 Mo. 1028, 1045, 298 S.W. 91, 56 A.L.R. 1276, the court said of a stock dividend: "The important step is the increasing of the fixed capital of the corporation. The outstanding shares of stock are increased to balance, either by adding to their number or raising their par value."
Where the increase of capital stock is made by issuing additional shares of stock, the number of the shares is increased in proportion to the amount of the increase of capital stock. Where the increase of capital stock is distributed to the shareholders by increasing the par value of the shares in proportion to the increase, the par value of the shares is increased. In either event the shareholder receives exactly the same stock interest in the corporation. In the instant case the trustee would have received 375 additional shares at $25 per share of an aggregate par value of $9,375 if a stock dividend had been declared in stock of the kind outstanding when the declaration was made. By increasing the value of the shares the trustee received exactly the same amount of stock. The stock increase is additional stock. It can make no difference whether the additional stock consists of 375 additional shares with a par value of $9,375 or a stock interest of the same par value.
The remaindermen rely on People ex rel. Adams E. L. Co. v. Graves, 272 N.Y. 77, 4 N.E.2d 941, 942, 107 A.L.R. 1333, *Page 294 
as being opposed to the views expressed. In that case a transfer of part of the corporation's surplus to no par value capital account was held not to be a dividend declaration within the statute imposing a franchise tax on dividends declared, notwithstanding that new shares of stock might have been issued representing the increase in the value of the stock. That was not a case of apportionment of income between a life tenant and remainderman, nor was there a distribution of any additional stock as here. The transaction was only a bookkeeping entry authorized by statute. The court reaffirmed the rule of its prior decisions, which it distinguished, saying [272 N.Y. 80]:
"In all these cases there was a distribution to stockholders of either cash or an instrument which could be sold for cash. In the case at bar there has been no distribution. * * * Neither money nor property nor a stock dividend has come into the hands of the stockholders as the result of the transfer. No stockholder has the right unless further corporate action is taken to receive any equivalent of the amount transferred."
Here the stockholders have received a distribution of the additional stock and a new stock certificate showing ownership of new stock of increased par value. The additional stock can be severed and sold the same as any other stock. The cited case is not in point.
The testator's intention will be given effect if the additional stock is apportioned to the life tenants. Otherwise it will be defeated and that by a construction of the language of the will of which it is not susceptible.
We do not decide whether a dividend of additional stock is income, except as that term was used and defined in the will in the instant case.
The order appealed from is reversed with directions to proceed in conformity with the views expressed in this opinion. *Page 295