Vajst Voobhis, J.
(dissenting). There is no token of an intention in this 1918 deed of trust that its principal should be depleted by the split-up of the stock of the General Electric Company in 1954. In directing that stock dividends should be treated as income, one would not readily assume that he intended corporate action to be regarded as payment of a stock dividend which is not designated as such in the resolutions of the corporation, and which is recognized as a split-up under the rules of the New York Stock Exchange and, insofar as appears, in the eyes of the entire financial community. It is characterized as a stock dividend only by what seems to me to be an outworn legal fiction. Time was when the capitalized value of shares of stock bore some relation to the market value, and when the earnings of corporations were accustomed to be almost wholly distributed to shareholders, sooner or later, in current cash dividends or in liquidation. Today the productive facilities of corporations are paid for in large part from earnings which have not been and probably never will be distributed to stockholders. Cases are cited such as Williams v. Western Union Tel. Co. (93 N. Y. 162); Matter of Osborne (209 N. Y. 450); Equitable Trust Co. v. Prentice (250 N. Y. 1) as creating an inflexible definition of a stock dividend. Under every possible circumstance it is said that the distribution to stockholders pro rata of shares of trusteed stock must be classified as a stock dividend where simultaneously there has been a transfer of earned surplus to capital. The stockholders’ interest in the corporation would be affected in the identical manner (without any distribution of stock) by the transfer of earned surplus to capital, but that would not constitute a stock dividend (People ex rel. Adams Elec. Light. Co. v. Graves, 272 N. Y. 77). A stock dividend has been held not to occur if a transfer to capital is made but not simultaneously with the distribution of the additional shares (Matter of Strong, 198 Misc. 7, affd. 277 App. Div. 1157). That illustrates how little *657 substance remains in this definition. The only merit which is left in this rule is that it is precise, but the courts have found it increasingly artificial and have had to restrict its application (cf. Matter of Strong, supra). The law cannot lead an existence of its own apart from the facts of life which give it birth.
However it may have been when capitalization of shares bore some relation to their value, the criterion is now the intention of the corporation, manifested by what it did, in the light of the customs and understanding of the financial community which is the field to which this controversy pertains. The rules of the New York Stock Exchange indicate the commonly accepted meaning and effect of transactions of this nature. It is significant that stock dividends are not allowed to be listed on the Exchange or recognized as such unless there is transferred from earned surplus to the permanent capitalization of the company an amount equal to the fair value of such shares. In the instant case, more than half of the shares of the General Electric Company held by this trust must be distributed as income if this is to be classified as a stock dividend within the meaning of the deed of trust. The transfer to capital here does not remotely approximate the market value of half of the then outstanding General Electric shares. The transaction was treated as a split-up not only by the Stock Exchange but by all of the financial journals and services which have been called to our attention. It appears to have been regarded as a stock dividend nowhere except in court. The New York University Law Review well comments (Vol. 32, pp. 878, 882-884):
“ Of course, if the settlor has clearly manifested his intent that large share distributions such as the 1954 General Electric transaction should be allocated elsewhere than to principal, this intent should be honored. However, it is suggested that in those cases wherein there is a reasonable degree of doubt as to the settlor’s intent courts should not automatically conclude that the settlor intended that large share distributions, such as that in the Fosdick case, which could be described as a stock split-up effected in the form of a stock dividend, be directed away from the corpus of the trust. Since stock dividends and stock split-ups, however effected, are in fact distinct entities, courts should not equate them. And because it is unlikely that the settlor thought of stock split-ups, however effected, as being stock divi *658 dends, courts should not allocate stock split-ups away from principal unless it is extremely clear that the settlor intended this result.
£ £ In order to avoid this automatic equation the courts must abandon the £ transfer of surplus ’ test as a method of determining whether a given share distribution is a stock dividend and replace it with a test which differentiates between stock dividends and split-ups in whatever form effected. The rales of the American Institute of Accountants and the New York Stock Exchange could provide the basis for such a test. Under these rales, if the corporation’s basic motive for issuing new shares is to retain accumulated earnings, the distribution should be considered a stock dividend; but if the corporation’s primary purpose is to gain the advantages of a stock split-up, the distribution should be so regarded. The number of shares issued in relation to the number outstanding prior to the distribution is an important factor in determining the corporation’s purpose, since usually only a distribution consisting of 20 per cent to 25 per cent ór more of the number of shares previously outstanding-will lower the market price and thereby accomplish the purposes of a stock split-up. Though the corporation’s representations to its shareholders should be one of the principal indicia as to the corporation’s purpose in distributing new shares, the issuance should not be considered a stock dividend unless it is so small in relation to the shares previously outstanding that it could not reasonably be expected to have an appreciable depressive effect upon the market price, and unless the new shares are capitalized out of earned surplus at the fair value of the shares. Under such a rigorous test share distributions qualifying as stock dividends could be awarded elsewhere than to principal without eroding the interests of remaindermen, since stock dividends as defined by this test do not affect share market price and their allocation away from principal would not decrease the market value of the trust .corpus.” *
The order appealed from should be reversed and no part of the -General Electric stock issue of 1954 should be held to be a stock dividend within the meaning- of the 1918 Wood Fosdick deed of trust. Under no circumstance should such shares in the *659 Wood Fosdick trust be held to constitute a stock dividend, in excess of the proportionate number which the earnings capitalized by the corporation would at that time have bought in the market.
Chief Judge Conway and Judges Desmond, Dye and Froessel concur with Judge Burice; Judge Fuld concurs in result only; Judge Van Voorhis dissents in an opinion.
Order affirmed, etc.

 Citing American Institute of Accountants, Accounting Research ¡Bulletin No. 43 (1953).