In the Matter of P. J. GARVEY CARTING & STORAGE, INC., Petitioner, v. STATE TAX COMMISSION, Respondent.

Third Department, April 25, 1967.

*Albrecht, Maguire, Heffern & Gregg (Ralph J. Gregg* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush and Ruth Kessler Toch of counsel), for respondent.*

GIBSON, P. J. This proceeding is brought under section 199 of the Tax Law and article 78 of the CPLR to review a determination of the State Tax Commission which sustained a corporation franchise tax assessment purportedly imposed pursuant to section 183 of the Tax Law.

Section 183 imposes upon each transportation and transmission corporation an annual franchise tax upon the net value of its issued capital stock, the minimum tax being not less than $10 nor less than one mill on each dollar of net value; but provides, further, that " if the dividends paid on the par value of any kind of capital stock during any year * * * amount to six or more than six per centum, the tax upon such kind of capital stock shall be at the rate of one-quarter of a mill for each one per centum of dividends paid and shall be computed upon the par value of such capital stock ". In 1963, petitioner declared a stock dividend consisting of 748 shares of common stock of the par value of $100 per share and thereupon transferred from its surplus to its stated capital account the sum of $74,800; and upon this basis the respondent Tax Commission computed and assessed petitioner's franchise tax as $1,870, pursuant to the hereinbefore quoted proviso of section 183.

In resisting the tax, petitioner contends that stock dividends do not constitute " dividends paid " within the meaning of that proviso, asserting that true dividends consist of corporate profits *paid out* and distributed to shareholders and not interests represented by stock certificates issued for additional shares to the amount of corporate profits transferred to and *retained* in the capital account. However logical and reasonable this distinction might otherwise appear, the fact remains that, as a measure of the value of the franchise to be taxed, the term " dividends paid ", by judicial definition rendered authoritative by Court of Appeals affirmance, includes stock dividends derived, adjusted and paid as was that in the case before us. (*People ex rel. Pullman Co.* v. *Glynn,* 130 App. Div. 332, affd. 198 N. Y. 605 on the opinion of KELLOGG, J., in the Appellate Division; see, also, *People ex rel. Wedgewood Realty Co.* v. *Lynch,* 262 N. Y. 202, mot. for rearg. den. 263 N. Y. 669; *People ex rel. Empire State Dairy Co.* v. *Sohmer,* 218 N. Y. 199, 210-211; *People ex rel. Eastern Bldg. Corp.* v. *Lynch,* 245 App. Div. 787; and cf. *People ex rel. Adams Elec. Light Co.* v. *Graves,* 272 N. Y. 77, mot. for rearg. den. 273 N. Y. 494.) Whatever the rule may or should be in other areas, in that of corporate franchise

taxation it is not essential to constitute a dividend that the aggregate of the capital and surplus be thereby reduced. In any event, we are, of course, bound by the Court of Appeals affirmance in *Pullman* (*supra*). (See, also, *Matter of Boss-Linco Lines* v. *State Tax Comm.*, 27 A D 2d 960, decided herewith.)

The determination should be confirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur in opinion per GIBSON, P. J.

Determination confirmed, with costs.