■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN JEWELL, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered July 19, 1984, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

In March 1984, three men broke into a card game in the City of Binghamton, Broome County, and, displaying a shotgun, forcibly stole money from five participants in the game. While investigating an unrelated crime, police questioned Thomas McAvoy, who admitted his involvement in the crime and implicated defendant. McAvoy agreed to make a telephone call to defendant to be recorded by the police. The taped telephone conversation included inculpatory statements by defendant. Defendant was subsequently charged with five counts of robbery in the first degree.

Defendant moved to suppress the taped telephone conversation and various other inculpatory statements he had made to the police. The suppression motion was denied as to the taped conversation. Defendant subsequently pleaded guilty to one charge of robbery in the first degree in full satisfaction of the indictment and was sentenced to an indeterminate term of 3⅓ to 10 years in prison. This appeal ensued.

Defendant contends that the taped conversation violated his right to counsel. Defendant concedes, however, that when the tape was made he was not in custody and that he had retained counsel only on a prior *unrelated* charge. The Court

of Appeals has held that a taped conversation obtained under these circumstances does not violate a defendant's right to counsel *(see, People v Farruggia,* 61 NY2d 775; *People v Hauswirth,* 60 NY2d 904). Since this court is bound by the holdings of the Court of Appeals *(People v Munoz,* 40 AD2d 337, 338, *affd* 33 NY2d 998; *Matter of Garvey Carting & Stor. v State Tax Commn.,* 27 AD2d 337, 338, *affd* 25 NY2d 857), defendant's suggestion that we reevaluate the holdings of *Farruggia* and *Hauswirth* must be rejected.

Defendant's further claim that the sentence imposed should be reduced in the interest of justice is without merit. Defendant was informed of the sentence which would be imposed and accepted it as part of an advantageous plea bargain *(see, People v Quick,* 122 AD2d 296). Defendant has not shown any extraordinary circumstances nor an abuse of discretion by the sentencing court which would justify a reduction in his sentence *(see, People v Mabry,* 101 AD2d 961, 963).

Judgment affirmed. Mahoney, P. J., Kane, Main, Mikoll and Harvey, JJ., concur.