THIRD DEPARTMENT, NOVEMBER 1987

(November 5, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MILLINGTON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered July 17, 1985, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the first degree.

Defendant was placed under arrest and read the *Miranda* warnings after he was seen throwing matches in the window well of an apartment building in the City of Watervliet, Albany County. When asked for identification, defendant took an envelope out of his pocket in response to the officer's direction and handed it to the police officer. In addition to a personal check, the envelope contained a United States Treasury check drawn to Joseph Mazur. Defendant was taken to the police station where he was again apprised of his *Miranda* rights. Defendant was questioned by police and admitted that he had signed the back of the Treasury check and intended to cash it. Defendant made a written statement to this effect after being read the *Miranda* warnings a third time. Defendant was subsequently indicted for the crime of criminal possession of a forged instrument in the first degree. Following a jury trial, he was found guilty of the charged crime and sentenced to a term of imprisonment of 4 to 12 years.

Defendant contends that his inculpatory statements to the police should have been suppressed because his limited intelligence rendered him incapable of knowingly and intelligently waiving his right against self-incrimination. A person of subnormal intelligence can effectively waive his or her *Miranda* rights if the immediate meaning of the warnings have been presented in a fashion understandable to that particular individual *(People v Williams,* 62 NY2d 285, 287; *People v Avilez,* 121 AD2d 391, 392 *lv denied* 68 NY2d 767). Defendant, who was not a stranger to the criminal justice system, was informed of his *Miranda* rights three times. He indicated that he understood his rights and that he was willing to answer questions without an attorney present. The police officer who questioned him stated that his responses appeared to be

"fairly normal". The officer further testified that although defendant seemed "somewhat nervous", he was "in control". The record supports the conclusion that defendant comprehended his rights and voluntarily chose to waive them. Hence, County Court properly concluded that defendant's statements were admissible.

Defendant further asserts that he was deprived of a fair trial by the admission of testimony indicating that he was seen throwing matches at an apartment building just prior to his arrest. We cannot agree. This testimony was allowed as background information to help the jury understand the complete picture as to how defendant came to be in police custody and to avoid undue speculation on this issue *(see, People v Love,* 92 AD2d 551, 553; *People v Fay,* 85 AD2d 512). Further, County Court gave limiting instructions to the jury regarding this testimony several times. Even if we were to find that the admission of this testimony was in error, it would be harmless in light of the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230).

Finally, we are unpersuaded by the contention that the sentence imposed was harsh and excessive. The sentence was within the statutory guidelines and, indeed, less than the maximum allowable. Defendant has shown neither an abuse of discretion in sentencing by County Court nor sufficient extraordinary circumstances to justify a reduction of the sentence *(see, People v Jewell,* 123 AD2d 463, 464, *lv denied* 68 NY2d 1001).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.