■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON GRAVES, Appellant. [598 NYS2d 855] —Mahoney, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 26, 1991, upon a verdict convicting defendant of the crimes of assault in the second degree, resisting arrest and criminal possession of a controlled substance in the seventh degree.

At approximately 8:00 P.M. on March 1, 1990, a confidential informant telephoned the Albany Police Department with information that two Black males were selling drugs on the corner of Clinton and Lexington Avenues in the City of Albany. In response, Detectives Timothy Murphy, James Tuffey and John Burke drove to the designated location and upon observing Black males answering the informant's description, Burke shouted "Police" and all three detectives exited the car. At this point, defendant dropped two small glassine envelopes and fled. Burke retrieved the discarded

envelopes while the other two detectives gave chase. When defendant was apprehended and informed that he was under arrest, he responded by striking Murphy in the chest, thereby causing him to fall to the sidewalk. Defendant was thereafter subdued and taken into custody. Subsequent laboratory tests revealed the confiscated envelopes to contain 748.5 milligrams of cocaine and lidocaine and a medical examination of Murphy disclosed that he had sustained multiple contusions to the ribs on the left side of his body as well as a swollen left knee.

Following his arrest, defendant was charged with the crimes of assault in the second degree, resisting arrest and criminal possession of a controlled substance in the seventh degree in connection with the above incident. Prior to trial, defendant moved to suppress, *inter alia,* testimony regarding prior uncharged crimes, to wit, statements by the police officers regarding their receipt of the telephone call from the confidential informant that a man answering defendant's description was "dealing drugs" on a certain corner in Albany. The motion was denied and following trial defendant was found guilty as charged and sentenced to a prison term of 2⅓ to 7 years for assault in the second degree and one year each for resisting arrest and for criminal possession of a controlled substance in the seventh degree. All three sentences were to run concurrently. This appeal ensued.

We affirm. Initially, we disagree with defendant's contention that under these circumstances admission into evidence of testimony from the officers regarding the receiving of a telephone call from a confidential informant advising that a described individual was selling drugs at a certain location constitutes testimony of prior uncharged crimes which is *inadmissible* under the principles laid down in *People v Ventimiglia* (52 NY2d 350) and *People v Molineux* (168 NY 264). While those cases stand for the proposition that evidence of uncharged crimes is inadmissible if offered solely to raise an inference of a defendant's propensity to commit the crime charged, to the extent that the evidence serves another legitimate purpose, such as establishing a defendant's identity or supplying background information to establish or explain some material fact, its admission is not precluded *(supra; see, People v Millington,* 134 AD2d 645, 646, *lv denied* 70 NY2d 934; *People v Fay,* 85 AD2d 512). Such is the case here. Not only is the testimony probative of defendant's identity, but it is essential background material enabling the jury to comprehend why the police approached defendant in the first instance. Moreover, inasmuch as the procedural requirements of

a *Ventimiglia* hearing, to wit, an offer of proof by the prosecution of the uncharged crime prior to trial or prior to the witnesses' testifying and out of the jury's presence so as to permit objection and argument *(People v Ventimiglia, supra,* at 361-362), were satisfied here, we fail to discern any procedural violation in connection with County Court's handling of this matter.

Resolution of defendant's remaining contentions do not require extended discussion. Even assuming, arguendo, that defense counsel's general objection and posttrial arguments were sufficient to preserve for review certain improprieties in the prosecutor's summation, namely, his analogizing the war on drugs to the Persian Gulf War, the police officers to "foot soldiers in [the] war on drugs" and asking the jurors to put themselves "into the position of the Detectives who are out there on the street * * * [f]ighting the war", in view of the overwhelming evidence of defendant's guilt we are convinced that these comments, while improper, were harmless *(see, e.g., People v Galloway,* 54 NY2d 396, 401; *People v Wolf,* 176 AD2d 1070, 1071, *lv denied* 79 NY2d 1009; *People v LaRue,* 129 AD2d 904, 906, *lv denied* 70 NY2d 649). Nor do we perceive any reversible error in County Court's decision to exclude from evidence a police property report prepared by Murphy detailing who transmitted the confiscated envelopes from the Albany Police Department to the State Police Crime Laboratory. The only relevant matter in the report was a statement contradicting the officers' trial testimony that the envelopes were retrieved from the sidewalk where defendant had thrown them. Because defense counsel was permitted to cross-examine Murphy extensively on this inconsistency, his goal of impeaching Murphy with the report was all but fully realized.

Finally, inasmuch as defendant has failed to demonstrate that the witnesses he criticizes defense counsel for failing to call would have given exculpatory testimony or otherwise have substantiated his defense, there is no merit to his claim of ineffective assistance of counsel *(see, People v Cornwell,* 160 AD2d 1175; *People v Leary,* 145 AD2d 732, *lv denied* 73 NY2d 1017; *see also, People v Baldi,* 54 NY2d 137, 146-147; *People v Ford,* 46 NY2d 1021, 1023).

Yesawich Jr., J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).