## ARTHUR RADINTZ AND OTHERS v. NORTHWESTERN NATIONAL BANK & TRUST COMPANY OF MINNEAPOLIS AND OTHERS.[1]

January 26, 1940.

No. 32,267.

*John G. Priebe,* for appellants.

[1] Reported in 289 N. W. 777.

*Clarence O. Johnson* and *Marshall S. Snyder,* for respondents Marion Reutelsterz Micholajak, James Reutelsterz, Bernice Pahl, Esther Haeg, and Lorraine Christian.

JULIUS J. OLSON, JUSTICE.

Plaintiffs have appealed from a judgment construing a trust created by the will of their great-uncle, one George Radintz, who died May 11, 1937, a resident of Hennepin county. They are minors appearing by their duly appointed and acting guardians *ad litem.* This suit was brought under our declaratory judgments act to have the court construe the will and to "declare the rights of the plaintiffs and defendants" under it; to "remove any uncertainty that exists with respect to the interpretation of the various provisions of said will as to the manner in which the trustee shall distribute said funds among said plaintiffs and defendants." The trustee answered alleging, in substance, that it was "ready, willing and able to carry out the terms of the trust," and that "as such trustee it is desirous" of having the court "interpret the terms of said trust." The other defendants, while denying generally the allegations of the complaint, nevertheless asked the court to construe the will but sought an interpretation of it in accordance with their views as to what the will meant.

The will was made June 22, 1926. Shortly after testator's death, and upon due proceedings had, it was admitted to probate. Proceedings in that court were completed May 16, 1938, when a final decree was entered vesting the title to all of testator's property then remaining in the corporate defendant "in trust for certain uses and purposes set forth in said will." Pursuant thereto the trustee duly qualified as such and is now acting in that capacity.

The will provides, so far as here material, that the trustee shall take and hold all of decedent's residuary estate "for the beneficial interests of my grandnephews and grandnieces as hereinafter provided, the fund so created to be divided and distributed to my said grandnephews and grandnieces, now or hereafter born during

the continuance of this trust, as each shall arrive at the age of twenty-five (25) years, respectively. * * *

"It is my will and I direct that as each grandnephew or grand-niece, either now living or hereafter born during the continuance of this trust, shall arrive at the full age of twenty-five (25) years, that there be paid to him or her from said trust fund the sum of Two Thousand Dollars ($2,000.00) as his or her absolute property. * * *

"It is my will and I direct that in no event shall this trust continue for a longer period than during the life or lives of my nephews and nieces above named and specified as persons in being and for a period of twenty (20) years after the death of the survivor of them, but shall thereupon cease and said trust fund be distributed as hereinbefore prescribed, * * *"

Testator left surviving him 13 "nieces and nephews [ranging in age from 19 to 55 years] as parties in being mentioned in said will," and 19 grandnieces and grandnephews (ages ranging from two months to 32 years). The nieces and nephews are not bene-ficiaries, the only ones being the grandnieces and grandnephews, and they are not named as individuals but are designated as a class with a specific designation that as each attains 25 years of age he or she is to be paid $2,000 from the corpus or income of the trust estate "as his or her absolute property."

For plaintiffs it is claimed that the will, and more particularly the trust created thereby, should be construed as directing the payments out of the trust funds at such a time as the last pos-sible beneficiary shall have attained the age of 25 years, or at a time 20 years after the decease of the last survivor of the per-sons named as "in being" and named in the will. For defend-ants, except the trustee, which is a neutral in this conflict, the claim is made that the language used by testator is clear and free from doubt and as such must be given full force and effect, *i. e.,* as each beneficiary of the designated class attains 25 years of age there shall "be paid to him or her from said trust fund the sum of Two Thousand Dollars ($2,000.00) as his or her

absolute property"; that there is no deferment of such payments after the age of 25 years has been attained. The court adopted defendants' theory. The trustee was found possessed of and "declared to have full power to grant, bargain, sell and convey any and all real estate" in the trust estate. That power was also possessed by the executor. The findings are complete. Basically, there is no question of fact involved. The only issue is whether the conclusion arrived at by the court, to the effect that the four defendants who have now arrived at the stipulated age of 25 years should at this time receive their respective bequests of $2,000 each, is sound.

Nor does the present conflict arise out of the chosen language used by testator. Rather, the disagreement between the contending forces arises from the fact that the trust fund is inadequate to take care of all those grandnephews and grandnieces who hereafter shall reach the specified age. As we have seen, there were 19 grandnephews and grandnieces when testator died. How many more there may be under the term "hereafter born during the continuance of this trust" is of course impossible of determination. Many of the nephews and nieces are young, four ranging in age from 19 to 26 years; three from 32 to 37 years; three from 40 to 45 years; and only two are past 50. Testator's property at the time of his death was inventoried and appraised at $21,101.67. After probate expenses and other items had been paid there remained for the trustee and available to that part of the will created by the trust $18,251.86. It is therefore clear that if all are to share in testator's gifts upon a basis of equality, as contended by plaintiffs, the trust must be kept open over a period of very many years, conceivably as much as 75 or more years. In the meantime it seems inevitable that those now eligible to take will have passed away. Several more, while younger, face the same situation. Did testator by his chosen language intend that result? As stated by the court:

"The crucial question here is whether each grandnephew or grandniece is entitled to be paid the legacy of $2,000 immediately

upon becoming 25 years of age, without respect to the possible inadequacy of the trust fund to take care of those who later become 25 years of age. A careful reading of the will convinces the court that the question just propounded must be answered in the affirmative."

1. The duty of the court is to give effect to the intention of the testator "as expressed in the language used in the will." Such intention is to be gathered from the will considered as a whole and is to be read in the light of the surrounding circumstances. It is our duty to seek the meaning of the writer, but that meaning must be found in his own words, "the words as he used them, the meaning which they have in his mouth." 6 Dunnell, Minn. Dig. (2 ed. & 1937 Supp.) § 10257 (citing, among other authorities, Graves, 28 Am. L. Rev. 323; Holmes, 12 Harv. L. Rev. 417).

We have here plain language carefully chosen by one professionally capable of giving the words chosen by him the exact thought meant to be conveyed. We are not to surmise, conjecture, or suppose something else. We should accept them as they are.

2. While plaintiffs aver in their complaint that testator's financial status had changed for the worse between the time of making the will and time of testator's death, there is neither proof nor finding to that effect. So, accepting the provisions of the will as written and giving to each and every part thereof a reasonable and sensible construction (Crocker v. Crocker, 230 Mass. 478, 120 N. E. 110, 5 A. L. R. 1617), we can find nothing therein leading to a result opposed to that reached by the trial judge, aptly put in the following quotation from his memorandum:

"Under the wording of this will * * * it would be difficult indeed to come to any other conclusion than that the testator intended each grandnephew or grandniece to receive the sum of $2,000 from the trust fund immediately on becoming 25 years of age. The words requiring the fund to be 'divided and distributed' when each shall arrive at the age of 25 years, are of themselves almost conclusive, and the later use of the words 'absolute property,' would seem to remove any possible doubt. The word 'respec-

tively,' as used in the phrase 'as each shall arrive at the age of twenty-five (25) years, respectively,' is not without importance. That word has been judicially defined to mean 'single or several; considered singly in the order designated.' "

In support of that conclusion the court cites the following cases, all of them very helpful: Wolf v. Lake Erie & W. Ry. Co. 55 Ohio St. 517, 535, 45 N. E. 708, 711, 36 L. R. A. 812; State ex rel. McDaniel v. Gaughan, 124 Ark. 548, 554, 187 S. W. 918, 920; Theberath v. Celluloid Mfg. Co. (C. C.) 3 F. 143, 148; Alsop v. Russell, 38 Conn. 99, 103. To these may be added Grise v. Weiss, 213 Ind. 3, 11 N. E. (2d) 146.

The judgment is affirmed.

