IN RE TRUST UNDER WILL OF ALBERT SCHULTZ,
DECEASED.
NORTHWESTERN NATIONAL BANK & TRUST COMPANY
OF MINNEAPOLIS v. GEORGE PIRICH.[1]

May 28, 1943.

No. 33,492.

*Bernard N. Litman,* for appellant.

*Faegre & Benson, John J. Gleason,* and *Everett A. Drake,* for respondent.

YOUNGDAHL, JUSTICE.

This is an appeal from the judgment of the district court, entered pursuant to an order, construing certain inconsistent and ambiguous provisions found in the last will and testament of Albert Schultz, wherein a testamentary trust was created for the benefit of his surviving heirs at law.

[1]Reported in 9 N. W. (2d) 773.

The facts giving rise to this appeal, insofar as here material, are substantially these: The settlor, Albert Schultz, died on May 5, 1929, leaving as his sole surviving heirs at law his wife, Frances Schultz, and his daughter, Stella Welch. Subsequent to his death his widow married George Pirich, appellant herein. Under the terms of the will and codicil thereto, he provided for the creation of a testamentary trust, designating the Minnesota Loan & Trust Company (now the Northwestern National Bank & Trust Company) as trustee. By this trust the settlor obviously intended to insure to his surviving wife and daughter a livelihood during their lives, with proper provision made for the care and education of his two grandchildren, Ernest L. Welch and Evelyn F. Welch, with ultimate division of the trust estate between his grandchildren in equal shares. After providing that the net income from the trust should accrue to the benefit of his wife, Frances, during her lifetime, with a minimum allowance of $4,000 per year, the settlor specifically provided that upon her death the trustee should pay from the income of the trust to the settlor's only child, Stella Welch, throughout the entire period of her natural life, the sum of $150 per month for her support and, in addition thereto, rental for a dwelling for her in a sum not to exceed $35 per month. The codicil to the will reduced the income to be received by the daughter to $125 per month during her natural life and omitted any provision for dwelling rental. While specifically providing a life estate in the income of the trust for the benefit of his daughter, the settlor made the following inconsistent and ambiguous provision for the division of the trust estate between his two grandchildren:

"I further direct that at such time when, while said trust continues, after any of the children of my said daughter, or any issue of any deceased child of my said daughter, or any issue of any deceased descendant of any deceased child of my said daughter arrives at the age of thirty-five years, such child or issue shall be capable of using and investing such money wisely without wasting or squandering same, my trustee shall then pay to each of such children or issue, his or her share of all the principal and income

of my Estate then in the hands of my Trustee on the basis of a division of the whole of my Estate, in equal shares to each * * *"

In the event that the assets of the trust should not vest in the named beneficiaries pursuant to the foregoing provisions of the will, it was provided under subdivision (5) of paragraph Third that:

"Notwithstanding the provisions herein contained, under no circumstances shall this trust continue longer than throughout the life of Frances Schultz, Stella Welsch, and my grandchildren, Ernest Welsch and Evelyn Welsch, and for a period of twenty-one years thereafter, any undistributed principal or income at that time to be distributed among the descendants of my said daughter in the same manner as provided for in paragraph (3) of this Will and if there be no such descendants, then upon final distribution of said trust, the same shall be distributed one-half among my heirs at law and one-half among the heirs at law of my wife, Frances Schultz, the same as though I and she died intestate, fully seized and possessed thereof."

The settlor's widow, Frances Pirich, died on June 14, 1942, leaving surviving as her only heirs at law her husband, George Pirich, the appellant, now 53 years of age, and her daughter, Stella Welch, also 53 years of age. The children of the settlor's daughter are Ernest L. Welch, who became 35 years of age on June 10, 1942, and Evelyn F. Welch, who became 31 years of age on June 18, 1942. The settlor's grandson, Ernest L. Welch, has three children—John J. Welch, 14 years of age, Marion Lucille Welch, 7 years of age, and Richard Lawrence Welch, 5 years of age.

On August 28, 1942, the trustee filed its petition in the district court for the purpose, among other things, of procuring an order construing the inconsistent and ambiguous provisions of the will for the reason that it appeared to the trustee impossible to carry out the intention of the settlor by paying to his surviving daughter, Stella Welch, the monthly income specified in the codicil to the will and by the same terms and conditions dividing the corpus of the trust equally between his grandchildren upon their reaching the age

of 35 years respectively. One grandchild, Ernest L. Welch, had reached the age of 35 years, and under the terms and conditions of the will was entitled to receive his proportionate share of both principal and income from the trust estate.

The lower court found that it was the intention of the settlor to insure a life income to the daughter, Stella, notwithstanding the divisional provision on behalf of the grandchildren. To that end it ordered and directed that an irrevocable trust be created out of the trust properties to be distributed to the grandson Ernest L. Welch, with said grandson as trustor and the Northwestern National Bank & Trust Company as trustee, for the benefit of the settlor's daughter, Stella, which trust would insure payments to Stella, in the sum of $62.50 each and every month for the remainder of her natural life, from the trust thus created. The court further ordered that the remaining one-half of the corpus of the trust be retained by the trustee, pursuant to the terms and conditions of the original trust, to be held for the benefit of the settlor's remaining grandchild, Evelyn Welch, until such time as she reached the age of 35 years; and that, when the proportionate share of the trust should be distributed to Evelyn Welch by the trustee in accordance with the will and codicil, such distribution be made in such manner as adequately to guarantee and provide for the monthly payments to the settlor's daughter of the sum of $62.50 per month for the remainder of her natural life.

Upon the hearing of the trustee's petition for an order of the court construing the foregoing ambiguous provisions of the will, appellant appeared and objected to the proposed construction sought by the trustee and to the distribution of one-half of the trust estate to the settlor's grandson. He contended that it was the intention of the settlor that no distribution should be made, in any event, during the lifetime of Stella, as indicated by the life estate provided therein for her benefit. Upon hearing, the court made findings of fact, conclusions of law, and order for judgment allowing the construction asked for by the trustee and overruled

all objections of appellant. The court further specifically adjudged that appellant possessed no interest in the trust.

■ It is first necessary to consider the claim of the trustee that the appeal be dismissed as frivolous. Specifically, it is urged that the contingent interest of appellant is so remote that it is unlikely ever to become a vested interest, and therefore that he has no standing in court and no right to object to the order of the court construing the will.

Although there are authorities holding that a beneficiary cannot maintain a suit against a trustee where his interest is dependent upon a remote contingency—one which is unlikely ever to occur—we believe it to be the better rule that such a beneficiary may upon reasonable cause apply to the court to have his interest properly secured. This rule has substantial support in the authorities. Roberts v. Michigan Trust Co. 273 Mich. 91, 262 N. W. 744; Hunt v. Hunt, 124 Mich. 502, 83 N. W. 371; Haldeman v. Openheimer (Tex. Civ. App.) 119 S. W. 1158; Canada v. Daniel, 175 Mo. App. 55, 157 S. W. 1032; University v. Tucker, 31 W. Va. 621, 8 S. E. 410; Cannon v. Barry, 59 Miss. 289; Hall v. M. B. O'Reilly Realty & Inv. Co. 306 Mo. 182, 267 S. W. 407. Although a contingent remainderman can have no action for damages for waste, he may, under the rule as borne out by the great weight of authority, have equitable relief to prevent waste or dissipation of the trust estate or to prevent a disposition of the property contrary to the intention of the trustor. Taylor v. Adams, 93 Mo. App. 277, 280; Cannon v. Barry and University v. Tucker, *supra*. It is true that appellant's interest in the trust estate is decidedly remote. Even were his position sustained as to the construction of the will, he would not receive a distributive share of the estate unless Evelyn Welch, age 31, Ernest Welch, age 35, and the three minor children of Ernest Welch, ages 14, 7, and 5, all predeceased him and, subsequent to their decease and before his death, Stella Welch, age 53, also died. In view of the fact that appellant himself is now 53 years of age, the happening of all these eventualities, in the order named, is exceedingly remote. Of course, if his position is not well taken as

to the construction of the ambiguous provisions of the trust, his interest is even more remote, for in that event one-half of the trust estate (except that part withheld to protect the life estate of Stella and the additional sum of $20,000 set aside pursuant to the directions of the original settlor and further provided for in the supplemental trust document) would be immediately distributed to Ernest Welch, and in four years Evelyn Welch, upon reaching the age of 35 years, would receive the remainder of the trust.

Considering the admittedly ambiguous provision of the trust, and in view of the fact that appellant has a contingent interest, although extremely remote, we conclude that the trustee's position that the appeal be dismissed as frivolous is not well taken. With the tempo of life accelerated in these days of the automobile and the airplane, contingent interests of beneficiaries are not nearly so remote as they were a few decades ago. The alarming and ever-increasing number of deaths from auto accidents alone is a matter of common knowledge. Entire families have met death in a few tragic moments on the public highways. Under these circumstances, it does not seem reasonable that a contingent beneficiary, although his interest be remote, should be required to sit idly by without taking such steps as he deems necessary to have the trust provisions executed according to the intentions of the settlor.

■ The only other issue presented by the appeal involves the construction of subdivisions (2) and (3) of paragraph Third of the will. Those two provisions are admittedly conflicting and ambiguous. Under subdivision (2) the trustee is directed to hold the property in trust following the decease of the settlor's wife, while under subdivision (3) the trustee is directed to pay "any of the children of my said daughter," whenever he or she attains the age of 35, "his or her share of all the principal and income of my estate then in the hands of my trustee on the basis of a division of the whole of my estate in equal shares to each." The lower court, in construing the will, held *inter alia* that when the children of Stella reached 35 years of age they were entitled to their distributive share of the corpus of the estate, subject only to the life estate of their

mother. Accordingly, the court approved the creation of a separate trust, under the terms of which Stella is assured her monthly income of $125 for life, and other provisions of the will not pertinent to this discussion are fulfilled. To this appellant objects, asserting that under the terms of the will no share of the estate can be distributed to the children of Stella during her lifetime.

The cardinal rule of construction to which all others must yield is that the intention of the testator as expressed in the language used in the will shall prevail if it is not inconsistent with the rules of law. The rules of construction have been so often discussed that mere reference to the cases should suffice. They are collated under 6 Dunnell, Dig. & Supp. § 10257. The rules have been considered in such recent cases as In re Trusteeship Under Will of Jones, 202 Minn. 187, 277 N. W. 899; In re Trusts Under Will of McCann, 212 Minn. 233, 3 N. W. (2d) 226; In re Trust Created by Watland, 211 Minn. 84, 300 N. W. 195; In re Trusts Under Will of Whitacre, 208 Minn. 286, 293 N. W. 784; Radintz v. N. W. Nat. B. & T. Co. 207 Minn. 56, 289 N. W. 777. It is to be borne in mind, however, that rules of construction are merely aids to the court in resolving doubts arising from obscurity in the language of the will. In re Trust Under Will of Bell, 147 Minn. 62, 179 N. W. 650. The general rule is expressed in 6 Dunnell, Dig. & Supp. § 10257, as follows:

"The present tendency in this country is against absolute rules of construction, and in favor of a careful consideration of the particular language of each will, as well as of its general scope and purpose, in order to determine, in view of the circumstances known to the testator when the will was made, his intention as expressed in it."

With these rules to aid us in removing the obscurity and conflict in the provisions in question, we have no hesitancy in holding that the trial court correctly construed the will in ordering distribution of one-half the corpus of the estate to each of the children of Stella Welch upon reaching 35 years of age, subject to the life estate of Stella, which is adequately protected by the trust agreement pro-

vided for in the court's order. Stella is satisfied with the arrangement and makes no complaint. It seems to us that under the provisions of the trust set up pursuant to the court's order, the intention of the settlor is fully and completely carried out. A careful reading of the will reveals with what solicitous care he attempted to provide for his descendants. It seems reasonably clear that he wanted his property to vest in his grandchildren at the age of 35 years, subject only to his daughter, Stella, receiving $125 per month income during her life, and other provisions here immaterial. Under the new trust agreement, his apparent intention, although expressed in the will in ambiguous language, is completely fulfilled, and his one predominating motive to make adequate provision for his direct descendants is carried out. The law, moreover, favors an immediate and early vesting of estates unless the interest is manifestly contingent. 6 Dunnell, Dig. & Supp. § 10278. First & Am. Nat. Bank v. Higgins, 208 Minn. 295, 293 N. W. 585.

We hold, therefore, that the lower court properly and correctly construed the will and that under the trust agreement set up by the court's order the provisions of the will are carried out pursuant to the intention of the testator.

Affirmed.