**Robert DAY, Joe Walker and John Travis, as Co-Trustees of the Charlie Walker, Sr., Testamentary Trust, Appellants,**

v.

**Charlie WALKER, Jr., Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

James G. Wheeler, Wheeler & Marshall, Paducah, for appellants.

William E. Scent, Reed, Scent & Reed, Paducah, for appellee.

CULLEN, Commissioner.

The trustees of a testamentary trust created by the will of Charlie Walker, Sr., deceased, are appealing from a judgment which ordered them to furnish certain reports of their trusteeship to Charlie Walker, Jr., a son of the decedent, who has a conditional or contingent future interest under the will.

The testator died in November 1965. Under his will his estate was placed in trust for a period of five years, which will expire in November 1970. The trustees are to manage the estate and pay out the income during the period of the trust, and at the end of the trust period the corpus is to be distributed. The *widow* is to receive all of the income, and all of the corpus, if she survives the trust period. If she dies prior to the end of the trust period, the income for the remainder of the period, and the corpus at the end of the period, is to be paid to testator's six children, of whom Charlie, Jr., is one.

The will contains this provision as to reports:

> "The trustees shall keep accurate records of their acts in the discharge of their duties as such trustees, and make reports not less than once each year to the beneficiaries of the trust. * * *"

The trustees made reports to the *widow* on September 9, 1966, October 20, 1967, and June 25, 1968, covering, respectively, all of fiscal years 1965–66 and 1966–67, and half of 1967–68. The judgment appealed from required the trustees to furnish copies of those reports to Charlie, Jr.

The appellants' argument is that Charlie, Jr., has only an executory future interest and as such has no standing to demand copies of the reports, at least in the absence of any charge of waste or wrongdoing on the part of the trustees. Furthermore, the appellants assert that Charlie, Jr., has an improper motive in seeking the reports in that he is employed by a company which is a competitor of companies in which his father had owned the controlling stock and which the trustees are in effect operating by virtue of voting the controlling stock. The appellants cite no authority for their argument other than cases and texts defining executory interests.

The appellee points to the words of the will, that reports shall be made to the "beneficiaries," and he says that this shows plainly the testator's intent that the reports not be limited to the widow alone.

The record does not indicate the contents of the reports in question. They are described simply as reports "made in conformance with that part of * * * the Will * * * providing as follows: 'The trustees shall * * * make reports not less than once each year to the beneficiaries of the trust.' " We cannot conclude from this that the reports contain any confidential data of the corporations controlled by the trustees the disclosure of which to Charlie, Jr., would damage the estate. So we find no basis for upholding the argument that the reports should be denied to Charlie, Jr., because of his position as a competitor.

We do not find any merit in the appellants' argument that the reports should be denied to Charlie, Jr., because he is merely the holder of an executory interest rather than being a contingent remainderman. Whatever his interest be denominated, the only significant thing as concerns the question in issue is that the realization of his interest in possession depends upon a condition or contingency.

Likewise, we find no merit in the proposition that Charlie, Jr., should have been required to allege waste or wrongdoing by the trustees as a condition of seeing the reports. Without having reports available to him, a beneficiary would have no adequate means of determining whether waste or wrongdoing was being committed. As said by Bogert:

"* * * If the cestui is to be able to hold the trustee to proper standards of care and honesty and procure for himself the benefits to which the trust instrument and the doctrines of equity entitle him, *he must know of what the trust property consists and how it is being managed.*" 4 (Part 2) Bogert, Trusts and Trustees, sec. 961, p. 233.

The making of reports by a trustee, to *beneficiaries*, is a duty of the trustee inherent in the trust relationship, which exists independent of wrongdoing. See 54 Am.Jur., Trusts, sec. 497, p. 396; Clay v. Thomas, 178 Ky. 199, 198 S.W. 762, 1 A.L.R. 738.

While rejecting the appellants' arguments, we at the same time are not convinced that the use of the word "beneficiaries" in that part of the will requiring reports by the trustees is conclusively indicative of the testator's intent that the children be given reports before their interests vested in possession by death of the widow. He may merely have contemplated the possibility that there would be plural beneficiaries if his wife died during the trust period.

In our opinion the question, under the facts in this record, is simply whether the duty of a trustee to make reports to a beneficiary extends to conditional or contingent beneficiaries. We believe it does, absent special or unusual circumstances.

The law is well settled that the owner of a contingent or defeasible future interest may obtain an injunction to prevent waste. See 56 Am.Jur., Waste, sec. 13, p. 459. If he is so entitled to protection against waste by a trustee surely, as indicated by Bogert, he is entitled to some information concerning the management of the trust.

The Kentucky General Assembly, in KRS 25.175, has required that trustees make periodic accounts to the county court of the execution of their trusts, which accounts are to be *recorded* by the clerk, thus becoming matters of public record. This statute completely negates any idea that only the holder of a present beneficial interest is entitled to any information from a trustee. As far as this record discloses the reports which the appellants have been ordered to furnish to the appellee are no different from those that the appellees would be required by KRS 25.175 to file in the county court as a matter of public record (and which apparently they have not filed).

The judgment is affirmed.

All concur.