**Charles A. COX, Appellee,**

v.

**Thomas G. COX and Arthur A. Cox, Individually, and as Trustees of the Arthur J. Cox Trust, and Sarah E. Rigler, Appellants.**

**No. 83–1360.**

Supreme Court of Iowa.

Nov. 14, 1984.

L. Call Dickinson, Jr., and Barbara G. Barrett of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellants.

John T. Nolan and Marc B. Moen of Rate, Nolan, Bohanan, Moen & Lucas, Iowa City, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, SCHULTZ, and CARTER, JJ.

REYNOLDSON, Chief Justice.

This is an interlocutory appeal from the trial court's order granting plaintiff's summary judgment motion. We affirm the tri-

al court's holding that a contingent remainderman of a trust may compel an accounting absent a showing of mismanagement or waste.

I.  The controversy involves a trust established in 1944 by the will of Arthur Cox, an Iowa City resident.  Cox was survived by his wife, Elizabeth, and three children: Louisa, Sarah and Thomas G.  A fourth child, Frederick G., predeceased the testator.  After bequests of personal property and the homestead in the Cox will, the residue of the estate was directed to be placed in a trust.  One third of the trust income was to be paid to Elizabeth for life; the remaining two thirds was to be divided equally between Sarah, Thomas and Frederick G. for life.[1]  At Elizabeth's death, her income share was to be divided equally among Sarah, Thomas and Frederick G. for life.  On the death of any of the three children, the child's income share was to be paid to the child's spouse for life.  On death or remarriage of the surviving spouse, that income share was to go to the deceased child's descendants.  Any descendant so receiving an income share was entitled to have the principal from which the descendant was receiving the income paid to him or her at age thirty.

Elizabeth Cox died in 1964.  Surviving daughter Sarah and son Thomas therefore each hold a one third income interest for life.  The parties agree that Mary Anderson Cox, widow of Frederick G. and the plaintiff's grandmother, is entitled to the remaining one third.  In his petition, plaintiff Charles A. Cox alleges the one ninth share falling to Mary by virtue of Elizabeth's death has never been paid to her.  Instead, plaintiff alleges, that one ninth share was paid to his father, Frederick G. Cox, Jr., and his uncle, Arthur A. Cox.  Plaintiff's father died in 1978.

September 23, 1980, plaintiff filed a petition in the Iowa District Court for Johnson County, naming as defendants two trustees, Thomas G. Cox and Arthur A. Cox, and one beneficiary, Sarah E. Rigler.[2]  In five counts, plaintiff sought the following relief:  (1) a declaration that he now is entitled to receive the one eighteenth income share received by his father until the latter's· death;  (2) an order surcharging defendants for alleged breach of fiduciary duty in distributing the one eighteenth share referred to in count (1) to Alma Van Hook;  (3) an accounting;  (4) a declaration that, upon the occurrence of certain contingencies, he will be entitled to trust income and a share of the principal;  and (5) an order declaring the named defendants representatives of present and future beneficiaries.

October 25, 1982, plaintiff moved for summary judgment on counts (1) and (3) of his petition.  April 27, 1983, defendants moved for summary judgment on counts (1) through (4), and dismissal of count (5).

August 31, 1983, the court granted defendants' motions for summary judgment on counts (1), (4) and (5).  Addressing count (4), the court held plaintiff was a contingent remainderman of the trust, but never would become an income beneficiary under any circumstance.  The court denied the motions of both parties on count (2).  It granted plaintiff's motion on count (3), holding that "as a contingent beneficiary the plaintiff ... is an interested party entitled to an accounting."

September 27, 1983, defendants filed notice of appeal on the count (3) issue.  We have treated the appeal as interlocutory, see Iowa R.App.P. 1(c), 2, and now affirm.

II.  The sole issue presented is whether plaintiff, as a contingent remainderman of the trust, may compel an accounting absent a showing of mismanagement or waste.

Two rules contend for our acceptance. Defendants argue a contingent remainderman of a trust has a right to an accounting

---

**1.**  Since Frederick G. was then dead, his share went to his widow, Mary Anderson Cox.  Louisa previously had been provided for in an inter vivos trust and was not a beneficiary of the testamentary trust.

**2.**  Sarah E. Rigler was never served and thus is not a party to this action.

only if he or she can make a showing of waste or mismanagement. This purportedly is the majority rule. *See* G. Bogert, *The Law of Trusts and Trustees* § 961 (rev. 2d ed. 1983); Note, *Potential Beneficiary's Right to Compel Trustee to Render a Formal Accounting and Disclose Information*, 65 Mich.L.Rev. 981, 983 (1967). Plaintiff contends as a contingent remainderman he is entitled to an accounting so that he may *prevent* waste and mismanagement. This rule has substantial support among the commentators. *See* G. Bogert, *supra*, at §§ 963, 970; G. Bogert, *Handbook of the Law of Trusts* § 142 (5th ed. 1973); 2 A.W. Scott, *The Law of Trusts* §§ 172, 173 (3d ed. 1967); Restatement (Second) of Trusts § 172 comment c (1959). Iowa has few cases bearing on the question.

III. The most succinct statement of the rule plaintiff advances appears at section 172 of the Restatement (Second) of Trusts. It states:

Duty to Keep and Render Accounts. The trustee is under a duty to the beneficiary to keep and render clear and accurate accounts with respect to the administration of the trust.

Comment:

c. *Duty to render accounts.* The beneficiary may by a proper proceeding compel the trustee to render to the proper court an account of the administration of the trust....

The trustee may be compelled to account not only by a beneficiary presently entitled to the payment of income or principal, but also by a beneficiary who will be or may be entitled to receive income or principal in the future. This is true even though the interest of the beneficiary is contingent.

Such a rule is justified by several policy considerations. Accountability is the hallmark of a trust. Property cannot be the subject of a trust where its application for the purposes of the trust depends upon the uncontrolled discretion of the one to whom legal title has been entrusted. *Ponzelino v. Ponzelino*, 238 Iowa 201, 203, 26 N.W.2d 330, 331 (1947); *Louis G. Allen*

*Trust v. United States*, 558 F.Supp. 152, 157 (D.Kan.1982). Unbridled discretionary powers are inconsistent with the existence of a trust relationship. *Hanson v. Birmingham*, 92 F.Supp. 33, 42 (N.D.Iowa 1950). "No trust is created if the transferor does not manifest an intention to impose enforceable duties upon the transferee." Restatement (Second) of Trusts § 125 comment a (1959); *see also* 2 A.W. Scott, *supra*, at § 172.

Because the trustee acts on his or her behalf, the beneficiary is "entitled to know what the trust property is and how the trustee has dealt with it." 2 A.W. Scott, *supra*, at § 173. We assume defendants would not contest a vested beneficiary's right to an accounting. We find no good reason to hold a contingent beneficiary's right to an accounting must await a trustee's breach of trust. Even contingent remaindermen are entitled to guard against damage to their interest. *See Skelton v. Cross*, 222 Iowa 262, 271–72, 268 N.W. 499, 504–05 (1936) (Contingent remaindermen included within the scope of section 12285 of the 1935 Iowa Code (now section 649.1), providing that anyone having an interest in real property may bring an action to quiet title.); *Ward v. Meredith*, 186 Iowa 1108, 1116, 173 N.W. 246, 249 (1919) (Court of equity will not refuse its protection to a contingent remainderman attempting to protect his or her title to land solely because that interest is not yet, and might never be, vested.); *Blackett v. Ziegler*, 147 Iowa 167, 174, 125 N.W. 874, 877 (1910) (Contingent remainderman may maintain an action to preserve trust property wrongfully sold to third party, even though his or her interest in property is inchoate.); *Northwestern National Bank v. Pirich*, 215 Minn. 313, 317, 9 N.W.2d 773, 776 (1943) (Although his or her interest may be remote, a contingent remainderman is not required to sit idly by without taking necessary steps to have the trust provisions executed according to the intentions of the settlor.). *See also Katz Investment Co. v. Lynch*, 242 Iowa 640, 648–49, 47 N.W.2d 800, 805–06 (1951) (restating the holding of

*Skelton v. Cross,* cited above). We are unpersuaded by the decisions defendants rely on that do not give full recognition to a contingent remainderman's interest.

Our holding is supported by similar cases from other jurisdictions. *See Day v. Walker,* 445 S.W.2d 422, 424 (Ky.1969) (Contingent remainderman entitled to compel trustee to provide certain information relating to management of the trust.); *Engelsmann v. Holekamp,* 402 S.W.2d 382, 388–89 (Mo.1966) (court approvingly quoted section 173 of Scott, *The Law of Trusts* and section 172 of the Restatement in holding a remainderman is entitled to an accounting even though the trustee may expend the trust corpus in support of life beneficiary). *See also In re Matter of Polson,* 21 Wash. App. 489, 496, 585 P.2d 840, 843 (1978) (Washington Trustees Accounting Act broadly construed to bring remainderman with no present interest within its scope).

We hold the plaintiff, as a contingent remainderman, need not make a showing of mismanagement or waste to obtain an accounting. This is especially true where, as here, the trust deed charges the trustees with a duty to keep the accounts plaintiff seeks.

AFFIRMED.