479 So.2d 755 (1985)
Ann S. SMITH, Appellant,
v.
BANK OF CLEARWATER, As Trustee and Individually, Appellee.
No. 84-1077.
District Court of Appeal of Florida, Second District.
September 20, 1985.
Rehearing Denied December 13, 1985.
*756 James B. Byrne, Jr., and Lawrence E. Dolan, Orlando, for appellant.
Charles W. Pittman of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
LEHAN, Judge.
We reverse the summary judgment denying plaintiff's claim against a trustee of a trust for alleged mismanagement of the trust resulting in a diminution of the trust assets. Plaintiff was a contingent remainderman of one-half of the trust assets under a trust established by the will of Parker G. Sanford for the benefit of his wife, Lucy, during her lifetime. Under the trust Lucy was entitled to the trust income during her lifetime. The trustee had discretionary power to use the principal for Lucy's needs. Under her husband's will Lucy was given a general power of appointment over the trust assets which included the unrestricted power to appoint by her will the recipient of all assets remaining in the trust at her death. Only if Lucy failed to exercise that power of appointment would plaintiff have received assets under the directions in the trust. In her will Lucy exercised that power and bequeathed one-half the assets to plaintiff.
The trial court's basis for its ruling involved the apparent conclusion that plaintiff, a contingent beneficiary under the trust, received her interest in the assets under Lucy's will and, accordingly, received nothing under the trust and had no standing to assert against the trustee a claim like this which was owned by Lucy or her estate. In fact, the record shows that the claim was also asserted in another lawsuit against the trustee by Lucy's estate. We do not rule upon that lawsuit or the proper measure of damages, if any, therein.
The trial court also noted that if plaintiff did have standing, plaintiff's claims might be barred by sections 95.11 and 737.307, Florida Statutes (1983), citing Fraser v. Southeast First Bank of Jacksonville, 417 So.2d 707 (Fla. 5th DCA 1982).
We conclude that plaintiff's prior position as a contingent trust beneficiary did not prevent her from bringing this lawsuit after Lucy's death. Although the alleged acts of trust mismanagement occurred during Lucy's lifetime, and the cause of action would have belonged to *757 Lucy during her life, upon Lucy's death plaintiff became entitled to a share of the trust assets. If those assets were unlawfully diminished in value as plaintiff alleges, then plaintiff should have the right to sue to recover that lost value.
Defendant argues that any such lawsuit must be brought by Lucy's estate which would now own any cause of action belonging to Lucy during her lifetime. This might be true as to any diminution in value of any interest or other benefit actually received by Lucy from the trust which became a part of Lucy's estate. However, because Lucy exercised her power of appointment and gave plaintiff one-half of the trust assets remaining at Lucy's death, it is plaintiff, and not Lucy's estate, who has been harmed if the alleged mismanagement did in fact result in a diminution in the value of the remaining trust assets. A power of appointment is "a unique legal creature" with ancient origins. In re Estate of Wylie, 342 So.2d 996, 998-99 (Fla. 4th DCA 1977). The appointee of a power of appointment (plaintiff here) takes through a transfer from the donor, to wit, the creator of the power (Parker G. Sanford) not through a transfer from the donee (Lucy). Wylie, citing and quoting from Restatement of Property § 318 comment b (1940). The donee is "a mere agent with no property interest," and "a property which is exposed to the exercise of a power of appointment does not become part of the estate of the donee of the power." Wylie, 342 So.2d at 998, 999.
The trial court's conclusion that plaintiff lacked standing also appeared to involve in part a conclusion that Lucy had consented to various transactions by the trustee. See 3 A. Scott, Trusts 1738-40 (1967). On appeal plaintiff contends, inter alia, that any such consents were ineffective because they were not knowledgeably given. The defendant filed affidavits and documents with its motion for summary judgment to support its claim that Lucy had consented. However, the supporting documents do not establish that Lucy consented to every disputed transaction. Material issues of fact remain unresolved in this regard.
Also, we do not find that all plaintiff's claims are necessarily barred under sections 95.11 and 737.307. Because of the trial court's ruling on the foregoing issues, the court did not rule that these statutory sections prohibited plaintiff's claims. Section 737.307 is a statute of limitations pertaining to trust beneficiaries who have received trust accounting statements. Plaintiff apparently did receive regular statements from the trustee during Lucy's lifetime, but we do not believe that plaintiff could properly be termed a beneficiary at the times she received those statements. A beneficiary of a trust is defined in section 731.201(2) as the owner of a beneficial interest in the trust. Because Lucy exercised the power of appointment in her will, a person other than plaintiff could have been named a beneficiary in plaintiff's place up until Lucy's death. It is true that plaintiff under the terms of the trust was a contingent remainderman during Lucy's lifetime and would have received the trust assets if Lucy had failed to exercise her power of appointment. However, we do not believe plaintiff was in a position prior to Lucy's death to exercise any of the rights of a trust beneficiary and that, therefore, she should be held to the limitations of section 737.307.
As to section 95.11, that general statute of limitations bars any negligence claim after four years. Although some of the alleged trust mismanagement actions apparently occurred more than four years prior to the commencement of this action, others apparently did not. The four year statute of limitations might bar portions of plaintiff's claims in this situation since she might have had standing to raise those claims before Lucy's death. See Cox v. Cox, Iowa, 357 N.W.2d 304 (1984); Barnhart v. Barnhart, 415 Ill. 303, 114 N.E.2d 378 (1953); Northwestern National Bank & Trust Co. v. Pirich, 215 Minn. 313, 9 N.W.2d 773 (1943) (cases indicating that a contingent beneficiary under some circumstances may be able to sue to protect trust corpus before contingent interest vests). *758 But the issue was neither ruled upon by the trial court nor briefed to us by the parties and is therefore not decided here.
We draw no conclusions as to the management of the trust. While we recognize the persuasiveness of the arguments made on behalf of appellee, we believe our holding will best serve substantial justice. See Wylie, 342 So.2d at 1000.
Reversed and remanded for proceedings consistent with this opinion.
OTT, A.C.J., and FRANK, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The opinion of this court filed September 20, 1985, is hereby certified to be one which passes upon a question of great public importance. Due to the nature of the case which involves a number of potentially dispositive aspects as to the rights of a contingent remainderman of a trust, all of which are referred to in the opinion, it does not seem appropriate to purport to limit review by certifying a particularized question. See Rupp v. Jackson, 238 So.2d 86, 87-89 (Fla. 1970).
OTT, A.C.J., and LEHAN and FRANK, JJ., concur.