Constance L. HOELSCHER, Lurlin L. Hoelscher, Karen L. Hayes and Leroy R. Hayes, Appellants,

v.

Duane W. SANDAGE, Individually, and Duane W. Sandage, Trustee of the Thelma L. Warman 1983 Revocable Trust, Appellees.

No. 89–436.

Court of Appeals of Iowa.

Aug. 30, 1990.

Timothy M. Sweet of Beard & Sweet, Reinbeck, for appellants.

John L. Butler of Lundy, Butler & Lundy, P.C., Eldora, for appellees.

Thelma L. Warman, Alden, pro se.

Heard by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

OXBERGER, Chief Judge.

In 1950, Thelma Warman and her husband transferred the home farm, consisting of over 400 acres, to their four children with Thelma retaining a life interest. Two of the four children, Karen and Constance, as well as their husbands, are plaintiffs in this case. Thelma divorced her husband in 1950.

In the early 1980's, Thelma became concerned about estate taxes upon her death.

Upon the recommendation of Duane Sandage, her long-time friend and confidant, she contacted Steve Zumbach an estate planning attorney. Upon Zumbach's recommendation the Thelma L. Warman 1983 Revocable Trust (Thelma Trust) was established in June 1983, along with a pour-over will and Crummy trusts for each child. Duane and Thelma were named co-trustees of the Thelma Trust. The Thelma Trust authorized the trustee to mortgage property without notice, held trustees liable only for his or her own willful conduct, and was revocable.

In December 1983, the plaintiffs, their sibling Craig Warman, and Thelma signed several documents transferring interests in the home farm. In the transfer, the plaintiffs and Craig Warman deeded their remainder interests in the home farm to Thelma in exchange for an eleven percent fee interest in the home farm. As a result, the Thelma Trust became the owner of sixty-seven percent of the farm and each child became owner of eleven percent. The Crummy trusts were also signed at this time. Zumbach recommended the transactions for estate tax reasons.

In 1984 Thelma began negotiations for a new operating loan. To secure the loan the bank required a mortgage on all of the home farm. In May 1984, the children and Thelma executed the mortgage. The plaintiffs contend they were deceived as to what they were signing. They claim that they only saw the signature page of the document and Sandage called the document a "mortgage release".

In January 1986, a foreclosure action was filed against the trustees and the children. The bank acquired all of the home farm except the homestead. In the spring of 1986, Thelma voluntarily revoked the Thelma Trust.

In December 1986, the plaintiffs filed their petition at law against Duane Sandage, in his individual capacity and in his representative capacity as trustee, attorney Steve Zumbach and his law firm. Plaintiffs eventually dismissed their claims against the defendant lawyers. Prior to this dismissal, the court determined that Zumbach was not the trust's attorney and that Thelma properly asserted her attorney client privilege as to certain evidence.

After a bench trial, the district court entered its findings of fact and conclusions of law rejecting the plaintiffs' claims. The court found no basis for a fraud claim against Sandage nor the existence of a confidential relationship between Sandage and the plaintiffs. The plaintiffs appeal.

The standard of review for this case alleging fraud is correction of errors at law. Iowa R.App.P. 4. Since a jury was waived, the findings of fact have the effect of a special verdict. *Id.*

In *Grefe v. Ross*, 231 N.W.2d 863, 865 (Iowa 1975), the Court discussed the appellate review of a case alleging fraud:

In evaluating the sufficiency of the evidence, we view it in its light most favorable to sustaining the court's judgment. We need only consider the evidence favorable to the judgment, whether or not it is contradicted. The trial court's findings of fact are binding upon us if supported by substantial evidence if the finding may reasonably be inferred from the evidence. (citation omitted).

For the plaintiffs to prove fraud, they must prove each of the following elements by a preponderance of clear, satisfactory, and convincing evidence: (1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage. *Id.* at 864 (citing *Hall v. Wright*, 261 Iowa 758, 766, 156 N.W.2d 661, 666 (1968)).

The plaintiffs contend that since Sandage acted in a fiduciary capacity during the transactions, he shouldered the burden of establishing his actions were not fraudulent and the trial court erred in placing the burden on them. Further, the plaintiffs argue that even if Sandage was not acting as a trustee, that a confidential relationship existed which placed the burden of proof on Sandage as a fiduciary. We find no merit in either of plaintiffs' contentions and uphold the trial court's findings that the plaintiffs failed to establish either fraud or

breach of a fiduciary duty arising from a confidential or fiduciary relationship.

■ The first set of transactions in which the plaintiffs allege fraud on the part of Sandage is the December 1983 transfers where the plaintiffs traded their remainder interests for fee interests in eleven percent of the home farm. The record supports the finding that the transfers were for the benefit of the plaintiffs. The purpose of the transactions was to decrease the estate taxes removed from their mother's estate after her death. The transfers did not involve trust property, but rather the transfer of the plaintiffs' remainder interests for fee interests in the home farm.

■ Sandage had no interest in the transfers and the record supports the trial court's finding that the transfers were done at Thelma's insistence for estate planning purposes. Sandage did not have a duty of disclosure with respect to the transfers between Thelma and her children because the transfers did not involve trust property, but rather property transferred between Thelma and her children prior to the property's placement in the Thelma Trust. Sandage did not even participate in the meeting other than to introduce Zumbach. After the introduction, Sandage left the meeting.

The transfers occurred due to Zumbach counseling Thelma about the potential benefits from the transactions with respect to her estate planning. The plaintiffs claim Zumbach acted as the trust's attorney and not Thelma's attorney and therefore had a duty to disclose to them. The record supports the trial court's finding that even though Zumbach testified that he served as the trust's attorney, he was in fact Thelma's attorney and he served in the capacity as advisor to Thelma, not the Thelma Trust. Additionally, during the meeting between Zumbach and the plaintiffs he advised them to consult with a tax advisor if they had any concerns.

■ With respect to the plaintiffs' claims that a confidential relationship existed between themselves and Sandage so as to create a duty to disclose, no evidence in the record supports such a claim.

■ The law of confidential relationships states if a person trusts another so that the other has so much influence over the person that the two are not at arm's length, equity will regard transfers between them as presumptively invalid and cast upon the dominant person the burden of upholding the transfers. *First National Bank in Sioux City v. Curran*, 206 N.W.2d 317, 321 (Iowa 1973). The essential ingredient in cases finding the existence of a confidential relationship is such great confidence placed in the dominant party that the subservient person is left exposed. *Id.* at 322. A confidential relationship arises "when one person has gained the confidence of another and purports to act or advise with the other's interest in mind." *Oehler v. Hoffman*, 253 Iowa 631, 635, 113 N.W.2d 254, 256 (1962).

■ The plaintiffs must show by clear proof that a confidential relationship existed between themselves and Sandage before any fiduciary duty of disclosure arises. *Punelli v. Punelli*, 364 N.W.2d 259, 261 (Iowa App.1984). The record supports the finding of no confidential relationship between the plaintiffs and Sandage. Duane Sandage, or Sandage Company, occasionally did business with Thelma's children as a realtor or assisting in commodities investments prior to 1983. The trial court found that these transactions caused the plaintiffs to have confidence in Sandage, but did not create the principal requisites of a confidential relationship. We agree with the trial court's finding that the plaintiffs also failed to prove any of the necessary elements of fraud such as false representation or intent to deceive on the part of Sandage during the December 16, 1983 meeting.

In the December 1983 meeting Sandage merely introduced Zumbach to the plaintiffs, provided them with a brief sketch of his credentials and then left the room. We find nothing in the record of any discussion between the plaintiffs and Sandage regarding the transactions. The plaintiffs failed to present any evidence that Sandage acted as their advisor with regard to the transac-

tion or presented Zumbach as his agent. The record lacks any evidence to support a confidential relationship ever existed between Sandage and the plaintiffs.

The transfers between the plaintiffs and their mother did not involve trust property. Thelma's interest in the home farm only became trust property following the transactions with the plaintiffs.

■ The plaintiffs allude to a confidential relationship between their mother and Sandage as the basis for a conspiracy headed by Sandage to defraud them. The trial court found Thelma headstrong, independent, and capable of making her own business dealings, facts negating the plaintiffs' argument that Sandage unduly influenced Thelma, their mother, to defraud them. We agree with the trial court that the plaintiffs failed to prove any conspiracy between Sandage, Thelma or Zumbach nor any undue influence exerted by Sandage over Thelma. The plaintiffs mortgaged their own fee interests in the home farm during the transaction. Their signatures on the mortgage affected only their own fee interests and did not relate to the interest the Thelma Trust held in the home farm. The same analysis regarding the existence of a confidential relationship between the plaintiffs and Sandage applies equally strong to this transaction.

Again, the plaintiffs failed to prove fraud on the part of Sandage in his capacity as a trustee of the Thelma Trust regardless of the placement of the burden of proof. We adopt the trial court's findings that Sandage did not assert at the meeting that the parties were signing a mortgage release and that it was apparent on the signature page that the form was a mortgage. Consequently, we also adopt the trial court's findings that no fraud or breach of fiduciary duty occurred during the transaction. If the plaintiffs failed to understand the significance of their actions they cannot hold Sandage responsible.

The evidence supports the trial court's findings of fact. The findings which the plaintiffs contend were either incorrectly stated or not found by the court are not significant with respect to the decision on the merits. Substantial evidence in the record supports the trial court's findings and we find plaintiff's claims of insufficient evidence without merit.

We also find plaintiffs' contention that even if Sandage did not breach his duty as a trustee that he is jointly and severally liable for a breach committed by his co-trustee without merit. The plaintiffs failed to show any of the necessary elements of fraud with relation to the activities of their mother in her capacity as a trustee such that Sandage could be held jointly and severally liable.

The plaintiffs also claim that the trial court erred in failing to admit certain evidence offered by them under various claims of admissibility. We find the trial court did not abuse its power by refusing to admit various documents the plaintiffs claim were admissible as business records. A trial court enjoys "broad discretion" to determine the admissibility of business records. *Graen's Mens Wear v. Stille–Pierce Agency*, 329 N.W.2d 295, 298 (Iowa 1983) (citations omitted). With respect to plaintiffs' contentions the trial court erred in denying their motion to compel production of various documents due to attorney client privilege, we also find no abuse of discretion. The record supports the initial finding that Steve Zumbach served as Thelma's attorney, not as attorney for the Thelma Trust.

In evaluating the balance of the plaintiffs' other claims of error with respect to admissibility, we find no abuse of discretion in the denial of any of the evidence. Ordinarily, relevancy and materiality are matters of trial court discretion. *Carter v. MacMillan Oil Co.*, 355 N.W.2d 52, 55 (Iowa 1984). Even if the evidence was admissible, only harmless error resulted from its denial.

■ Lastly, we address the plaintiffs' claims that the trial court erroneously found a lack of legal interest in the plaintiff-husbands and a lack of capacity as beneficiaries in the plaintiff-wives. The interest of the plaintiff-wives closely follow the interests claimed in *In re Willcockson*, 368

N.W.2d 198 (Iowa App.1985). Like the interest in *Willcockson*, Karen and Constance possessed an interest in the trust property which would vest only upon the discretionary conduct of their mother. Thelma retained discretion, under the terms of the Thelma Trust, as a co-trustee and settlor of the Thelma Trust to use her sixty-seven percent of the home farm as she pleased regardless of its inclusion in the Thelma Trust. At the time of the alleged fraud, the plaintiffs lacked standing to attack one of the trustees about his or her actions in connection with mortgaging the trust property.

The plaintiffs lacked the interest of the remaindermen in *Cox v. Cox*, 357 N.W.2d 304 (Iowa 1984), because the only contingency in *Cox*, was the death of the holder of the life estate, while in this case Thelma retained the ability to transfer the trust property so that no interest might ever vest in the plaintiffs. Since Constance and Karen did not have sufficient interest as beneficiaries of the Thelma Trust, Lurin and Leroy, with only inchoate dower interests, also had insufficient interests in the trust property to attack the co-trustees' actions in connection with the trust property.

For all of the above reasons we affirm the trial court on all issues.

AFFIRMED.